Debra Hulett, Bar No. 8-6904
Senior Assistant Attorney General
Katherine Diane Kleve, Bar No. 8-7278
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-7580
(307) 777-8920 Facsimile
debra.hulett@wyo.gov
katherine.kleve@wyo.gov

J. Mark Stewart, Bar No. 6-4121
Catherine M. Young, Bar No. 7-6089
Cole L. Gustafson, Bar No. 7-6070
DAVIS & CANNON, LLP
422 W. 26th Street
Cheyenne, Wyoming 82001
(307) 634-3210
(307) 778-7118 Facsimile
mark@davisandcannon.com
catherine@davisandcannon.com
cole@davisandcannon.com

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BLAISE CHIVERS-KING, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>WYOMING DEPARTMENT OF FAMILY SERVICES, WYOMING BOYS' SCHOOL, *et al.*,<br><br>          Defendants. | Case No. 24-CV-00039-SWS |

## DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT

Defendants Wyoming Department of Family Services (DFS), Wyoming Boys' School

(WBS), Dale Weber, in his individual and official capacities, and Elsa Olson, Amanda Turner, Tate

Adams, Mike Nelson, Mark Nelson, Thad Shaffer, John Schwalbe, Kevin McGinty, Margaret

Dahlke, Darryl Coronado, Jim Haun, Del Olson, and Les Urbin, in their individual capacities, submit this Answer to Plaintiffs' Fourth Amended Complaint (ECF No. 89).

1.      In response to paragraph 1, Defendants admit the Boys' School is located in Worland, Wyoming. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that Blaise Chivers-King and Charles Rees Karn are former Boys' School residents. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun admit that Haiden Willis and Dylan Tolar are former Boys' School residents. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun admit that Koby Cranford is a former Boys' School resident. Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin admit that D.H. is a former Boys' School resident. Defendants Adams, McGinty, Coronado, Del Olson, and Urbin lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 that Plaintiffs Tolar, Cranford, and Willis are former Boys' School residents and, therefore, deny those allegations. Defendants Turner and Mike Nelson lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 that Plaintiff Cranford is a former Boys' School resident and, therefore, deny those allegations. Defendants Turner, Mark Nelson, Schwalbe, McGinty, and Dahlke lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 that Plaintiff D.H. is a former Boys' School resident and, therefore, deny those allegations. Defendants Coronado and Urbin lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 that Plaintiffs Karn and Chivers-King are former Boys'

School residents and, therefore, deny those allegations. Defendants deny the remaining allegations of paragraph 1.

2.      In response to paragraph 2, Defendants admit that the Wyoming Boys' School is a state institution assigned by statute to the DFS; its residents have been ordered to be placed in the custody of DFS with placement at the Boys' School, through disposition in a juvenile delinquency action under the Juvenile Justice Act; and its residents are male, between ages 12–21. Defendants deny that the Boys' School is a hospital or psychiatric residential treatment facility, and deny the remaining allegations of paragraph 2.

3.      In response to paragraph 3, Defendants admit that the Wyoming Boys' School provides residents opportunities to make changes to their lives using a variety of philosophies. Defendants deny the remaining allegations of paragraph 3.

4-5.    Defendants deny the allegations of paragraphs 4-5.

6.      In response to paragraph 6, Defendants admit that Plaintiffs state they have asserted claims under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, and Plaintiffs state that they have brought this action alleging deprivations under the Fourteenth and Eighth Amendments of the Constitution. Defendants deny the remaining allegations of paragraph 6.

7.      Defendants admit the allegations of paragraph 7.

8.      Defendants deny the allegations of paragraph 8 and state that Plaintiffs have not brought an action for a declaratory judgment.

9.      In response to paragraph 9, Defendants admit venue is proper in this judicial district. Defendants deny the remaining allegations of paragraph 9.

10.     In response to paragraph 10, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun admit that Plaintiff Karn is from Cheyenne; was a Boys' School resident for two separate placements; and was discharged from the first placement in October 2019 when Karn was 15 years old. These Defendants deny the remaining allegations of paragraph 10. Defendants Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, McGinty, Dahlke, and Del Olson admit that Karn is from Cheyenne and is a former Boys' School resident, although these Defendants had involvement with Karn at different time frames, depending on his dormitory assignment and staffing needs at the time. These Defendants deny the remaining allegations of paragraph 10. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 and, therefore, deny those allegations.

11.     In response to paragraph 11, Defendants DFS, Wyoming Boys' School, and Weber admit that Chivers-King used to live in Sheridan, Wyoming; Chivers-King was a Boys' School resident from April 2020, when he was 15 years old, until his March 2021 discharge; Chivers-King was admitted to the Boys' School a second time in May 2021, when he was 16 years old; and Chivers-King was discharged from the Boys' School in May 2022. These Defendants deny the remaining allegations of paragraph 11. Defendants Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that Chivers-King is a former Boys' School resident, although these Defendants had involvement with Chivers-King at different time frames, depending on his dormitory assignment and staffing needs at the time. These Defendants deny the remaining allegations of paragraph 11. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11 and, therefore, deny those allegations.

12.     In response to paragraph 12, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, and Dahlke admit that Tolar was a Boys' School resident from June 2020 until February 2021; that Tolar was reported to have had 1-2 seizures while he resided at the Boys' School; and that before admission to WBS, Tolar had been diagnosed with cerebral palsy and ADHD. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 regarding Nick Fletcher's role as Tolar's guardian and conservator[1] and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 12. Defendant Haun admits that Tolar was a Boys' School resident starting in June 2020; that Tolar was reported to have had 1-2 seizures while he resided at the Boys' School; and that before admission to WBS, Tolar had been diagnosed with cerebral palsy and ADHD. Defendant Haun lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 regarding Nick Fletcher's role as Tolar's guardian and conservator and Tolar's discharge date and, therefore, denies those allegations. Defendant Haun denies the remaining allegations of paragraph 12. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 and, therefore, deny those allegations.

13.     In response to paragraph 13, Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson admit that D.H.'s mother is named Cassie Belcourt; D.H. was a Boys' School resident from approximately March 2024 until July 2024; D.H. lived in Wyoming when he was a Boys' School resident; D.H. was reported to have been diagnosed with ADHD before admission to WBS; D.H. was diagnosed with Oppositional Defiant Disorder after admission to WBS; and D.H. had an IEP. Defendants DFS, Boys' School, Weber, and Del Olson deny the

---

[1] According to ECF No. 39, Fletcher was appointed to be Tolar's "guardian ad litem."

remaining allegations of paragraph 13. Defendant Adams lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 regarding any requirement within the IEP and, therefore, denies those allegations. Defendant Adams denies the remaining allegations of paragraph 13. Defendants Mike Nelson and Coronado admit that D.H.'s mother is named Cassie Belcourt; D.H. was a Boys' School resident from approximately March 2024 until July 2024; D.H. lived in Wyoming when he was a Boys' School resident; D.H. was reported to have been diagnosed with ADHD before admission; and D.H. had an IEP. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 regarding D.H.'s other mental health diagnoses and any requirement within the IEP and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 13. Defendants Shaffer, Haun, and Urbin admit that D.H.'s mother is named Cassie Belcourt; D.H. was a Boys' School resident from approximately March 2024 until July 2024; D.H. lived in Wyoming when he was a Boys' School resident; and D.H. was reported to have been diagnosed with ADHD before admission. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 regarding D.H.'s other mental health diagnoses and an IEP and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 13. Defendant Elsa Olson admits that D.H. was a Boys' School resident from approximately March 2024 until July 2024, and D.H. lived in Wyoming when he was a Boys' School resident. Defendant Elsa Olson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 regarding D.H.'s mother, D.H.'s mental health diagnoses, and an IEP and, therefore, denies those allegations. Defendant Elsa Olson denies the remaining allegations of paragraph 13. The remaining Defendants

lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 and, therefore, deny those allegations.

14.    In response to paragraph 14, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun admit that Willis had two placements at the Boys' School starting in 2019. These Defendants deny the remaining allegations of paragraph 14. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 and, therefore, deny those allegations.

15.    In response to paragraph 15, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun admit that Cranford was admitted to the Boys' School in 2019. These Defendants deny the remaining allegations of paragraph 15. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 and, therefore, deny those allegations.

16.    In response to paragraph 16, Defendants admit that the Wyoming Boys' School is a state institution located near Worland, Wyoming, whose residents are males between ages 12-21; and that the Boys' School's residents have been adjudicated delinquent and ordered to be placed at the Boys' School. Paragraph 16 otherwise states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendants, they are denied.

17.    In response to paragraph 17, Defendant DFS admits that it is a state agency; under Wyo. Stat. § 9-2-2006, the Wyoming Boys' School is a state institution assigned to DFS; DFS certifies child care facilities; DFS develops and oversees various services and programs for youth; DFS employs probation officers for juveniles; and some DFS personnel conduct child protective services investigations. Defendant DFS denies the remaining allegations of paragraph 17.

Defendant Wyoming Boys' School admits that DFS is a state agency, and that the Wyoming Boys' School is a state institution assigned to DFS. Defendant Boys' School denies that Defendant DFS "certifies" the Boys' School. Defendant Boys' School lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 17 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17 and, therefore, deny those allegations.

18.    In response to paragraph 18, Defendants admit Weber is the current Wyoming Boys' School Superintendent; and after his employment with the Boys' School commenced in June 2019, at times, Weber was the Boys' School's Duty Superintendent. Defendants deny the remaining allegations of paragraph 18.

19.    In response to paragraph 19, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Coronado, Haun, Del Olson, and Urbin admit that at times since April 2023, when Del Olson became the Boys' School's Deputy Superintendent, Del Olson has been the Boys' School's Duty Superintendent. These Defendants deny the remaining allegations of paragraph 19. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 and, therefore, deny those allegations.

20.    In response to paragraph 20, Defendants DFS, Wyoming Boys' School, Elsa Olson, and Del Olson admit that Elsa Olson is a citizen of the United States and a resident of Wyoming; that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Elsa Olson was acting under color of state law in her role as the Boys' School dormitory director for Dorm 4; and that Elsa Olson's current position at the Boys' School is Prison Rape Elimination Act (PREA) Compliance Manager. Defendants DFS, Wyoming Boys' School, and Elsa Olson deny the

remaining allegations of paragraph 20. Defendant Del Olson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 20 and, therefore, denies those allegations. Defendants Weber, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, and Haun admit that Elsa Olson's current position at the Boys' School is PREA Compliance Manager. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 20 and, therefore, deny those allegations. Defendants Mark Nelson, McGinty, Dahlke, Coronado, and Urbin lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 and, therefore, deny those allegations.

21.     In response to paragraph 21, Defendants DFS, Wyoming Boys' School, and Adams admit that Adams is a citizen of the United States, a resident of Wyoming, and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Adams was acting under color of state law in his role as the Boys' School dormitory director for Dorm 3. These Defendants deny the remaining allegations of paragraph 21. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21 and, therefore, deny those allegations.

22.     In response to paragraph 22, Defendants DFS, Wyoming Boys' School, and Turner admit that Turner is a citizen of the United States, a resident of Wyoming, and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Turner was acting under color of state law in her role as a Boys' School dormitory director starting in approximately July 2019. These Defendants deny the remaining allegations of paragraph 22. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 and, therefore, deny those allegations.

23.    In response to paragraph 23, Defendants DFS, Wyoming Boys' School, and Shaffer admit that Shaffer is a citizen of the United States, a resident of Wyoming, and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Shaffer was acting under color of state law in his role at the Boys' School. These Defendants deny the remaining allegations of paragraph 23. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23 and, therefore, deny those allegations.

24.    In response to paragraph 24, Defendants DFS, Wyoming Boys' School, and Schwalbe admit that Schwalbe is a citizen of the United States, a resident of Wyoming, and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Schwalbe was acting under color of state law in his role as a Boys' School Dorm 4 staff member. These Defendants deny the remaining allegations of paragraph 24. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24 and, therefore, deny those allegations.

25.    In response to paragraph 25, Defendants DFS, Wyoming Boys' School, and Mike Nelson admit that Mike Nelson is a citizen of the United States, a resident of Wyoming, and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Mike Nelson was acting under color of state law in his role as a Boys' School Dorm 1 supervisor starting approximately May 1, 2020, and later as a Dorm 4 director. These Defendants deny the remaining allegations of paragraph 25. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 and, therefore, deny those allegations.

26.    In response to paragraph 26, Defendants DFS, Wyoming Boys' School, and Mark Nelson admit that Mark Nelson is a citizen of the United States, a resident of Wyoming, and that

at relevant times, based on the factual allegations in the Fourth Amended Complaint, Mark Nelson was acting under color of state law in his role at the Boys' School. These Defendants deny the remaining allegations of paragraph 26. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 and, therefore, deny those allegations.

27.    In response to paragraph 27, Defendants DFS, Wyoming Boys' School, and McGinty admit that McGinty is a citizen of the United States, a resident of Wyoming, and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, McGinty was acting under color of state law in his role as a Boys' School staff member. These Defendants deny the remaining allegations of paragraph 27. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27 and, therefore, deny those allegations.

28.    In response to paragraph 28, Defendants DFS, Wyoming Boys' School, and Dahlke admit that Dahlke is a citizen of the United States and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Dahlke was a resident of Wyoming and was acting under color of state law in her role as a Boys' School nurse. These Defendants deny the remaining allegations of paragraph 28. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28 and, therefore, deny those allegations.

29.    In response to paragraph 29, Defendants DFS, Wyoming Boys' School, and Coronado admit that Coronado is a citizen of the United States, a resident of Wyoming, and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Coronado was acting under color of state law in his role as a Boys' School staff member. These Defendants

deny the remaining allegations of paragraph 29. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 and, therefore, deny those allegations.

30.    In response to paragraph 30, Defendants DFS, Wyoming Boys' School, and Urbin admit that Urbin is a citizen of the United States, a resident of Wyoming, and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Urbin was acting under color of state law in his role at the Boys' School. These Defendants deny the remaining allegations of paragraph 30. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 and, therefore, deny those allegations.

31.    In response to paragraph 31, Defendants DFS, Wyoming Boys' School, and Haun admit that Haun is a citizen of the United States, a resident of Wyoming, and that at relevant times, based on the factual allegations in the Fourth Amended Complaint, Haun was acting under color of state law in his role at the Boys' School. These Defendants deny the remaining allegations of paragraph 31. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31 and, therefore, deny those allegations.

32.    In response to paragraph 32, Defendants admit that the Wyoming Boys' School is a state institution whose residents are males between ages 12-21; the residents were adjudicated delinquent by a Wyoming court and ordered to be placed at the Boys' School; the institution is located on approximately forty acres near Worland, Wyoming, and has four dormitories; and the institution has two on-campus residences for the Superintendent and Deputy Superintendent. Defendants deny the remaining allegations of paragraph 32.

33.    In response to paragraph 33, Defendants admit that the Wyoming Boys' School provides public safety and care for males, ages 12-21, who have been adjudicated delinquent.

Defendants deny that the Wyoming Boys' School is a hospital or residential treatment facility and deny the remaining allegations of paragraph 33.

34.    In response to paragraph 34, Defendants admit that the Boys' School is intended to be reformatory and rehabilitative for Boys' School residents, as provided in Wyo. Stat. § 25-3-105. Defendants deny the remaining allegations of paragraph 34.

35.    In response to paragraph 35, Defendants admit that Boys' School residents have needs, and the Boys' School contracts with mental health professionals to provide services to residents who may need mental health treatment. Defendants deny that the Wyoming Boys' School is a hospital or residential treatment facility and deny the remaining allegations of paragraph 35.

36.    In response to paragraph 36, Defendants admit that some Wyoming Boys' School residents have received mental health diagnoses prior to admission or while they are Boys' School residents. Defendants deny that the Boys' School is a hospital or psychiatric residential treatment facility and deny the remaining allegations of paragraph 36.

37.    In response to paragraph 37, Defendants DFS, Wyoming Boys' School, and Weber admit that the Boys' School is an accredited educational and rehabilitative facility that administers programs that promote public safety. These Defendants deny that the Boys' School describes itself in the manner quoted and deny the remaining allegations of paragraph 37. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37 and, therefore, deny those allegations.

38-39.  Defendants deny the allegations of paragraphs 38-39.

40.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 40. Because Defendants Coronado and Urbin did not work at the Boys'

School in 2020 and 2021, they lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 40 regarding alleged events in 2020 and 2021 and, therefore, deny those allegations. These Defendants deny that Boys' School staff participated in abuse toward Boys' School residents and deny the remaining allegations of paragraph 40.

41.    In response to paragraph 41, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Dahlke, Haun, and Del Olson admit that Weber is currently the Boys' School's Superintendent; Weber was the Boys' School's Deputy Superintendent between June 2019 and March 2022; Del Olson is the Boys' School's current Deputy Superintendent and has held that role since April 2023; and in some circumstances, placing a resident in a safety room or using restraints requires approval from the Superintendent, Deputy Superintendent, or Duty Superintendent. These Defendants deny that the Wyoming Boys' School uses solitary confinement and deny the remaining allegations of paragraph 41. Defendants Mark Nelson and McGinty admit that Weber is currently the Boys' School's Superintendent; Weber was the Boys' School's Deputy Superintendent in June 2019 until they decided to leave employment with the Boys' School; and in some circumstances, placing a resident in a safety room or using restraints required approval from the Superintendent, Deputy Superintendent, or Duty Superintendent. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 regarding the date that Weber became the Superintendent and Del Olson's current position with the Boys' School and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 41. Defendants Coronado and Urbin admit that when they worked at the Boys' School, Weber was the Boys' School's Superintendent; Del Olson was the Boys' School's Deputy Superintendent; and in some

circumstances, placing a resident in a safety room or using restraints required approval from the Superintendent, Deputy Superintendent, or Duty Superintendent. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 regarding events preceding their employment with the Boys' School as to Gary Gilmore and Weber's role, and the persons holding the Superintendent and Deputy Superintendent roles after they left employment with the Boys' School and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 41.

42.     In response to paragraph 42, Defendants admit that the referenced media article was published. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42 regarding the referenced article's authors' motivations and the time spent investigating and, therefore, deny those allegations. These Defendants deny that the Wyoming Boys' School uses solitary confinement and deny the remaining allegations of paragraph 42.

43.     In response to paragraph 43, Defendants admit that the referenced National Commission on Correctional Health Care's 2016 Position Statement defines "solitary confinement" in the manner quoted. Defendants deny the remaining allegations of paragraph 43.

44.     In response to paragraph 44, Defendants admit that the Wyoming Boys' School uses terms "out of community status" and "observation status." Defendants deny that the Wyoming Boys' School used or uses "solitary confinement," defined as stated in the Fourth Amended Complaint, paragraph 43: "housing . . . a juvenile with minimal to rare meaningful contact with other individuals." Defendants deny the remaining allegations of paragraph 44.

45-47.  Defendants deny the allegations of paragraphs 45-47.

48.    In response to paragraph 48, Defendants DFS and Wyoming Boys' School admit the number of resident "holds" over 72 hours in State Fiscal Years 2018, 2020, and 2021. These Defendants deny that the Boys' School uses solitary confinement and deny the remaining allegations of paragraph 48. The remaining Defendants deny that the Boys' School uses solitary confinement. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 48 and, therefore, deny those allegations.

49.    In response to paragraph 49, Defendants admit that safety rooms at the Wyoming Boys' School are approximately 8' x 10', have a mattress that is often removed during the day, do not have furniture, have a concrete floor and cinderblock walls, have a door with a window, have a light that is controlled outside the room, and have a camera or cameras; and that a resident inside a safety room would typically not have a phone, radio, or television inside the room. Defendants deny that the Boys' School uses solitary confinement and deny the remaining allegations of paragraph 49.

50-51.  Defendants deny the allegations of paragraphs 50-51.

52-53.  Defendants deny that the Wyoming Boys' School uses solitary confinement and deny the remaining allegations of paragraphs 52-53.

54.    In response to paragraph 54, Defendants admit that a safety room may be used for the least amount of time necessary when a resident is an immediate threat to himself or others. Defendants deny that the Wyoming Boys' School uses solitary confinement and deny the remaining allegations of paragraph 54.

55-57.  Defendants deny that the Wyoming Boys' School uses solitary confinement and deny the remaining allegations of paragraphs 55-57.

58-60.   In response to paragraphs 58-60, Defendants deny that the Wyoming Boys' School uses solitary confinement. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraphs 58-60 regarding matters "well-understood" or "recognized" by other persons, matters subject to a "broad international consensus" by other persons, and statements about matters made by other persons and, therefore, deny those allegations.

61.   In response to paragraph 61, Defendants deny that the Wyoming Boys' School uses solitary confinement and deny that Defendants and/or Boys' School staff imposed psychological harm or a physical injury or illness on any Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 61 and, therefore, deny those allegations.

62.   In response to paragraph 62, Defendants admit that children and the Boys' School's juvenile residents are still developing physically, psychologically, and socially. Defendants deny that the Wyoming Boys' School uses solitary confinement and deny the remaining allegations of paragraph 62.

63.   In response to paragraph 63, Defendants deny that the Wyoming Boys' School uses solitary confinement and deny that Defendants and/or Boys' School staff engaged in conduct that traumatized Plaintiffs; that caused permanent changes in brain development as to Plaintiffs; or that caused a higher risk of developing permanent psychiatric conditions as to Plaintiffs. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 63 and, therefore, deny those allegations.

64.   In response to paragraph 64, Defendants deny that the Wyoming Boys' School used solitary confinement or isolation with Plaintiffs, and deny that Defendants and/or Boys'

staff engaged in conduct that caused significant risk of serious mental harm as to Plaintiffs; that perpetuated, worsened, or precipitated mental health concerns as to Plaintiffs; or that caused Plaintiffs to attempt or commit suicide or express suicidal ideation. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 64 and, therefore, deny those allegations.

65.    In response to paragraph 65, Defendants deny that the Wyoming Boys' School uses solitary confinement and deny that Defendants and/or Boys' School staff engaged in action that caused or worsened chronic conditions in Plaintiffs, including depression or worsened depression, anxiety, an increased mortality rate or suicide risk, or an increased risk of suffering low self-esteem, vegetative features, withdrawal, or hopelessness; or caused or worsened long-standing issues in Plaintiffs or placed Plaintiffs at higher risk of presenting with depression and anxiety again. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 65 and, therefore, deny those allegations.

66.    In response to paragraph 66, Defendants deny that the Wyoming Boys' School uses solitary confinement and deny that Defendants and/or Boys' School staff engaged in action that caused long-term trust issues with adults, trouble forming therapeutic relationships, or a need to address mental health concerns resulting from "solitary confinement" as to Plaintiffs. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 66 and, therefore, deny those allegations.

67.    In response to paragraph 67, Defendants deny that Defendants and/or Boys' School staff used solitary confinement with Plaintiffs; deny that Defendants and/or Boys' School staff used restraints in a manner that was harmful to Plaintiffs; and deny that Defendants and/or Boys' School staff used restraints to reduce future misbehavior or as discipline as to Plaintiffs.

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 67 regarding solitary confinement and, therefore, deny those allegations. Defendants deny the remaining allegations of paragraph 67.

68.    In response to paragraph 68, Defendants deny that the Wyoming Boys' School uses "isolation" with its juvenile residents, and deny that Defendants and/or Boys' School staff engaged in conduct that worsened or caused long-term harm to Plaintiffs' mental health. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 68 and, therefore, deny those allegations.

69.    In response to paragraph 69, Defendants deny that the Wyoming Boys' School uses "isolation" with its juvenile residents; deny that any Plaintiff had "an underlying major mental illness"; and deny that Defendants and/or Boys' School staff engaged in conduct that compounded past trauma or exacerbated a mental illness as to any Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 69 and, therefore, deny those allegations.

70.    In response to paragraph 70, Defendants deny that the Wyoming Boys' School uses "social isolation" with its juvenile residents; and deny that Boys' School staff engaged in conduct that caused mental health complications or long-lasting trauma to Plaintiffs. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 70 and, therefore, deny those allegations.

71.    In response to paragraph 71, Defendants deny that the Boys' School uses solitary confinement and deny that the Boys' School uses "disciplinary isolation." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph

71 regarding positions or actions taken by others and, therefore, deny those allegations. Defendants deny the remaining allegations of paragraph 71.

72.    In response to paragraph 72, Defendants deny that the Wyoming Boys' School uses solitary confinement and deny that the Boys' School's practices pose a risk of serious long-term psychological or physiological harm to its juvenile residents. Paragraph 72 otherwise states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendants, they are denied.

73-74.    Defendants deny that the Wyoming Boys' School uses solitary confinement and deny the remaining allegations of paragraphs 73-74.

75.    In response to paragraph 75, Defendants deny that the Wyoming Boys' School uses solitary confinement; deny that the Boys' School uses restraints in a manner that is harmful to Boys' School residents; and deny that the Boys' School uses restraints to reduce future misbehavior or as discipline. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 75 regarding solitary confinement and, therefore, deny those allegations. Defendants deny the remaining allegations of paragraph 75.

76.    Defendants deny that the Wyoming Boys' School uses solitary confinement; deny that the Boys' School has a policy and practice of denying juveniles access to basic human needs; and deny the remaining allegations of paragraph 76.

77.    Defendants deny the allegations of paragraph 77.

78.    In response to paragraph 78, Defendants admit that Boys' School staff members are authorized to use physical management on a resident only when necessary for safety and security, and in the manner authorized by policy and training. Defendants deny the remaining allegations of paragraph 78.

79.     In response to paragraph 79, Defendants admit that with appropriate approval if required, Boys' School staff may use mechanical or soft restraints on a resident only when necessary for safety and security, and in the manner authorized by policy and training. Defendants deny the remaining allegations of paragraph 79.

80.     In response to paragraph 80, Defendants DFS and Wyoming Boys' School admit the number of uses of mechanical restraints in State Fiscal Years 2018, 2019, and 2021. These Defendants deny the remaining allegations of paragraph 80. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 80 and, therefore, deny those allegations.

81.     In response to paragraph 81, Defendants DFS and Wyoming Boys' School admit the number of safety restraint chair uses in State Fiscal Years 2018, 2019, 2020, and 2021. These Defendants deny the remaining allegations of paragraph 81. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 81 and, therefore, deny those allegations.

82.     Defendants deny the allegations of paragraph 82.

83.     In response to paragraph 83, Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Shaffer, and Schwalbe admit that in 2021, Boys' School personnel called the Washakie County Sheriff's Office to report crimes committed by residents. These Defendants deny the remaining allegations of paragraph 83. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 83 and, therefore, deny those allegations.

84.     Defendants DFS, Wyoming Boys' School, Weber, and Mark Nelson deny the allegations of paragraph 84 that pertain to events allegedly occurring at the Boys' School. These

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 84 regarding an alleged notation by a sheriff's deputy and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 84 and, therefore, deny those allegations.

85.     In response to paragraph 85, Defendants DFS, Wyoming Boys' School, and Weber admit that in recent years, the Boys' School has not hired a TruThought trainer to provide training at the Boys' School because it is not central to programming and staff members receive appropriate training. These Defendants further admit that some positions at the Boys' School require prior experience working with juveniles and others do not, depending on the duties of a particular position. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 85 regarding reports by an unnamed staff member and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 85. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 85 and, therefore, deny those allegations.

86.     Defendants deny the allegations of paragraph 86.

87.     Defendants deny that the Wyoming Boys' School uses solitary confinement and deny the remaining allegations of paragraph 87.

88.     In response to paragraph 88, Defendants admit that the Wyoming Boys' School provides training and rehabilitative programming to help its residents return to the community without danger to themselves or the community. Defendants deny that the Boys' School is a psychiatric residential treatment facility and deny the remaining allegations of paragraph 88.

89.     In response to paragraph 89, Defendants admit that a court has committed each juvenile resident to the Wyoming Boys' School (rather than a psychiatric residential treatment

facility) for reformatory and rehabilitative programming based on considerations specified in the Juvenile Justice Act, including the conduct in violation of the Wyoming Criminal Code that formed the basis for the adjudication of delinquency. Defendants deny that the Boys' School uses solitary confinement and deny the remaining allegations of paragraph 89.

90-91.    In response to paragraphs 90-91, Defendants admit that when a juvenile resident engages in attempted or actual assaultive conduct or self-harm, the Wyoming Boys' School takes reasonable measures to ensure the safety and security of other residents, staff, and the resident. Defendants deny that the Boys' School uses solitary confinement and deny the remaining allegations of paragraphs 90-91.

92.    In response to paragraph 92, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that Karn lived in Cheyenne, and has a mother and older brother. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 92 and, therefore, deny those allegations. Defendant Turner admits that Karn is from Cheyenne. Defendant Turner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 92 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 92 and, therefore, deny those allegations.

93.    In response to paragraph 93, Defendant DFS denies that Karn was in DFS custody for the majority of his childhood. Defendants DFS and Wyoming Boys' School admit that at times, Karn told Boys' School staff and others that he was abused as a child when he lived in Cheyenne. Defendants DFS and Wyoming Boys' School lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 93 and, therefore, deny those

allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 93 and, therefore, deny those allegations.

94.     Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Schwalbe, Dahlke, Haun, and Del Olson admit that in psychological evaluations conducted before his admission to the Boys' School, Karn was reported to have been diagnosed with depression, ADHD, oppositional defiant disorder, impulse control disorder, and conduct disorder, although the evaluations reached disparate conclusions and diagnoses. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 94 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 94 and, therefore, deny those allegations.

95-96. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraphs 95-96. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 95-96 and, therefore, deny those allegations.

97.     In response to paragraph 97, Defendants DFS, Wyoming Boys' School, Schwalbe, and Haun admit that Karn was in eighth grade when he was first admitted to the Boys' School. These Defendants deny the remaining allegations of paragraph 97. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 97 and, therefore, deny those allegations.

98.     In response to paragraph 98 and subparts (a)–(f), Defendant DFS and Wyoming Boys' School admit that when Karn's first placement with the Boys' School was complete, he was

discharged to his mother's custody; and after Karn was discharged from the Boys' School, a licensed psychologist conducted a court-ordered psychological evaluation; and the psychologist made "suggestions for treatment" that are partially described in paragraph 98 and subparts (a)–(f). These Defendants deny the remaining allegations of paragraph 98 and subparts (a)–(f). In response to paragraph 98, Defendants Weber, Elsa Olson, Shaffer, and Dahlke admit that when Karn's first placement with the Boys' School was complete, he was discharged to his mother's custody. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 98 and subparts (a)–(f) and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 98 and subparts (a)–(f) and, therefore, deny those allegations.

99.    In response to paragraph 99, Defendants DFS, Wyoming Boys' School, Weber, Adams, Mark Nelson, Shaffer, and Dahlke admit that in May 2020, Karn returned to the Boys' School. Defendant DFS denies the remaining allegations of paragraph 99. Defendants Wyoming Boys' School, Weber, Adams, Mark Nelson, Shaffer, and Dahlke lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 99 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 99 and, therefore, deny those allegations.

100.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 100. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 100 and, therefore, deny those allegations.

101.    In response to paragraph 101, Defendants DFS, Wyoming Boys' School, Elsa Olson, and Del Olson admit that during Karn's first placement at the Boys' School, after Karn assaulted another resident on Dorm 4, then-Superintendent Gilmore transferred Karn from Dorm 4 to Dorm 2 for a period; after Karn did well in Dorm 2 and successfully completed the Dorm 2 program objectives, it was determined that Karn was prepared for and committed to returning to Dorm 4 to complete his Dorm 4 program; and Karn was transferred back to Dorm 4 to complete his Dorm 4 program. These Defendants deny the remaining allegations of paragraph 101. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 101 and, therefore, deny those allegations.

102-103.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraphs 102-103. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 102-103 and, therefore, deny those allegations.

104-105.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraphs 104-105. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 104-105 and, therefore, deny those allegations.

106-107.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraphs 106-107. Defendants Turner, Mike Nelson, Mark Nelson, McGinty, and Del Olson deny that Karn was in solitary confinement. These Defendants lack knowledge or information sufficient to form a belief about

the truth of the remaining allegations of paragraphs 106-107 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 106-107 and, therefore, deny those allegations.

108.    In response to paragraph 108, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 108 that a staff member "spoke up" and, therefore, deny those allegations. These Defendants deny that Karn was in solitary confinement and experienced total isolation; deny that Karn spent 24 hours per day alone; deny that when Karn had recreation, he was not permitted any meaningful human interaction; and deny the remaining allegations of paragraph 108. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 108 and, therefore, deny those allegations.

109.    Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson deny that Karn was in solitary confinement and deny the remaining allegations of paragraph 109. Defendants Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that Karn was in solitary confinement. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 109 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 109 and, therefore, deny those allegations.

110.    Defendants DFS, Wyoming Boys' School, Weber, and Adams deny that Karn was in solitary confinement and deny the remaining allegations of paragraph 110. Defendants Elsa Olson, Turner, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del

Olson deny that Karn was in solitary confinement. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 110 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 110 and, therefore, deny those allegations.

111.    In response to paragraph 111, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that the Boys' School closed Dorm 2 for budgetary reasons; and that to prevent Karn from disrupting the other residents' progress on their programs and activities, at times, Karn was transferred to Dorm 2. These Defendants deny that Karn was isolated on Dorm 2 and deny the remaining allegations of paragraph 111. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 111 and, therefore, deny those allegations.

112-114.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraphs 112-114. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 112-114 and, therefore, deny those allegations.

115.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 115 regarding Karn's feelings and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 115. The remaining Defendants lack knowledge or information

sufficient to form a belief about the truth of the allegations of paragraph 115 and, therefore, deny those allegations.

116.    In response to paragraph 116, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that for safety and security, at times, Karn was placed in a safety restraint chair. These Defendants deny the remaining allegations of paragraph 116. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 116 and, therefore, deny those allegations.

117-118.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraphs 117-118. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 117-118 and, therefore, deny those allegations.

119.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, and Haun admit that nursing staff was typically present when the safety restraint chair was used, in part to monitor vitals. These Defendants deny the remaining allegations of paragraph 119. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 119 and, therefore, deny those allegations.

120.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 120. The remaining Defendants lack knowledge or information sufficient

to form a belief about the truth of the allegations of paragraph 120 and, therefore, deny those allegations.

121.    In response to paragraph 121, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that Karn destroyed State property at the Boys' School. These Defendants deny that Karn was in solitary confinement at the Boys' School. Defendants DFS, Wyoming Boys' School, Weber, Shaffer, and Schwalbe deny the remaining allegations of paragraph 121. Defendants Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, McGinty, Dahlke, Haun, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 121 regarding an incident described in the second sentence of paragraph 121 and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 121. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 121 and, therefore, deny those allegations.

122.    Defendants DFS, Wyoming Boys' School, Weber, and Schwalbe deny the allegations of paragraph 122. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 122 and, therefore, deny those allegations.

123.    Defendants DFS, Wyoming Boys' School, Weber, Shaffer, Dahlke, and Haun deny the allegations of paragraph 123. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 123 and, therefore, deny those allegations.

124.    In response to paragraph 124, Defendants DFS, Wyoming Boys' School, Weber, and Dahlke admit that at times, Karn complained about his right hand and wrist; he was repeatedly assessed by nursing; and a physician examined Karn and diagnosed a soft tissue strain. These Defendants deny the remaining allegations of paragraph 124. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 124 and, therefore, deny those allegations.

125.    In response to paragraph 125, Defendants DFS, Wyoming Boys' School, Weber, and Dahlke admit that Karn was provided over-the-counter pain medication for his complaints of pain; nursing staff repeatedly examined and monitored the area; and a physician examined Karn and diagnosed a soft tissue strain, then prescribed conservative therapy with over-the-counter medication as needed. These Defendants deny that Karn had a broken arm and deny the remaining allegations of paragraph 125. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 125 and, therefore, deny those allegations.

126.    In response to paragraph 126, Defendants DFS, Wyoming Boys' School, Weber, and Dahlke admit that the Boys' School arranged for a physician to examine Karn and the physician diagnosed Karn as having a soft tissue strain. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 126 regarding an alleged whistleblower and, therefore, deny those allegations. These Defendants deny that the physician determined Karn's wrist was broken and deny the remaining allegations of paragraph 126. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 126 and, therefore, deny those allegations.

127.     In response to paragraph 127, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, and Haun admit that for safety reasons, at times, Karn was placed in the safety restraint chair. These Defendants deny the remaining allegations of paragraph 127. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 127 and, therefore, deny those allegations.

128.     In response to paragraph 128, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that Karn was in solitary confinement at the Boys' School. Defendants DFS and Wyoming Boys' School deny that Karn never had suicidal ideations before his second stay at the Boys' School. Defendants DFS, Wyoming Boys' School, Weber, and McGinty lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 128 regarding Karn's thoughts and feelings and, therefore, deny those allegations. Defendants DFS, Wyoming Boys' School, Weber, and McGinty deny that Karn attempted suicide in McGinty's presence during his second stay at the Boys' School, and deny the remaining allegations of paragraph 128. Defendants Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Dahlke, Haun, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 128 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 128 and, therefore, deny those allegations.

129.     Defendants DFS, Wyoming Boys' School, and Weber deny the allegations of paragraph 129. Defendant McGinty denies that Karn attempted suicide in the referenced incident. McGinty lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations of paragraph 129 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 129 and, therefore, deny those allegations.

130.    Defendants DFS, Wyoming Boys' School, Weber, and McGinty deny the allegations of paragraph 130. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 130 and, therefore, deny those allegations.

131.    In response to paragraph 131, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that Karn was placed in solitary confinement or attempted suicide at the Boys' School. Defendants DFS, Wyoming Boys' School, Weber, and Adams deny the remaining allegations of paragraph 131. Defendant McGinty lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 131 regarding therapy and, therefore, denies those allegations. Defendant McGinty denies the remaining allegations of paragraph 131. Defendants Elsa Olson, Turner, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Dahlke, Haun, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 131 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 131 and, therefore, deny those allegations.

132.    In response to paragraph 132, Defendant DFS admits a DFS employee requested a psychological evaluation of Karn to determine whether he would benefit from placement at a psychiatric residential treatment facility. Defendant DFS denies the remaining allegations of paragraph 132. Defendants Wyoming Boys' School, Weber, Adams, and Dahlke admit that DFS

coordinated a psychological evaluation of Karn while he was a Boys' School resident to determine his needs. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 132 regarding the DFS worker's thoughts and communications with others and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 132. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 132 and, therefore, deny those allegations.

133-134.    In response to paragraphs 133-134, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that Karn was placed in solitary confinement. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Adams deny the remaining allegations of paragraphs 133-134. Defendants Turner, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraphs 133-134 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 133-134 and, therefore, deny those allegations.

135-137.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraphs 135-137. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 135-137 and, therefore, deny those allegations.

138.    In response to paragraph 138, Defendants DFS, Wyoming Boys' School, and Weber admit that Chivers-King resided at the Boys' School from April 2020 until March 2021; was admitted to the Boys' School in May 2021, where he resided for a period; and was discharged in May 2022. These Defendants deny the remaining allegations of paragraph 138. In response to paragraph 138, Defendants Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that Chivers-King is a former Boys' School resident, and these Defendants had involvement with Chivers-King at different time frames, depending on his dormitory assignment and staffing needs at the time. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 138 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 138 and, therefore, deny those allegations.

139.    In response to paragraph 139, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Schwalbe, Dahlke, and Del Olson admit that before his admission to the Boys' School, Chivers-King was reported to have been diagnosed with an anxiety disorder and had been prescribed psychiatric medication; and in a psychiatric evaluation, Chivers-King was diagnosed with PTSD and a depressive disorder. These Defendants deny that Chivers-King had mental health and emotional disabilities. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 139 and, therefore, deny those allegations. Defendants Mark Nelson, Shaffer, McGinty, and Haun deny that Chivers-King had mental health and emotional disabilities. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 139 and, therefore, deny those allegations. The remaining Defendants lack knowledge

or information sufficient to form a belief about the truth of the allegations of paragraph 139 and, therefore, deny those allegations.

140-141.     Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraphs 140-141. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 140-141 and, therefore, deny those allegations.

142.     In response to paragraph 142, Defendants DFS, Wyoming Boys' School, Weber, Turner, Adams, and Del Olson admit that Chivers-King had an IEP. Defendants DFS, Boys' School, and Weber deny the remaining allegations of paragraph 142. Defendants Turner, Adams, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 142 regarding any requirement within the IEP and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 142. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 142 and, therefore, deny those allegations.

143.     Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 143. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 143 and, therefore, deny those allegations.

144.     In response to paragraph 144, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that Wyoming Boys' School staff recognized Chivers-King could be

dangerous based on his conduct assaulting and attempting to assault staff and threatening to harm staff. These Defendants deny the remaining allegations of paragraph 144. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 144 and, therefore, deny those allegations.

145.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 145. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 145 and, therefore, deny those allegations.

146.    Defendants DFS, Wyoming Boys' School, Weber, Mike Nelson, and Shaffer deny the allegations of paragraph 146. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 146 and, therefore, deny those allegations.

147.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 147. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 147 and, therefore, deny those allegations.

148.    In response to paragraph 148, Defendants DFS, Wyoming Boys' School, Weber, Mike Nelson, and Schwalbe admit that on December 10, 2021, a Boys' School employee called the sheriff's department regarding Chivers-King. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 148 regarding the sheriff's department's review of or a deputy's thoughts about surveillance video and, therefore, deny those

allegations. These Defendants deny the remaining allegations of paragraph 148. Defendant Shaffer denies that he was involved in or present during the December 10, 2021 incident and denies that he "antagonized Blaise and threw him against the wall." Defendant Shaffer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 148 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 148 and, therefore, deny those allegations.

149.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 149. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 149 and, therefore, deny those allegations.

150.    Defendants DFS, Wyoming Boys' School, Weber, and Mike Nelson deny the allegations of paragraph 150. Defendants Elsa Olson, Turner, Adams, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that Boys' School staff placed Chivers-King in solitary confinement or punished Chivers-King. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 150 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 150 and, therefore, deny those allegations.

151.    In response to paragraph 151, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that Chivers-King was assigned to Dorm 2 for a period. These

Defendants deny Chivers-King was isolated, deny the dorm was empty, and deny the remaining allegations of paragraph 151. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 151 and, therefore, deny those allegations.

152.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 152. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 152 and, therefore, deny those allegations.

153.    In response to paragraph 153, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson admit that at times, Chivers-King expressed to Boys' School staff and others that he felt stressed, anxious, or angry. These Defendants deny that the Boys' School placed Chivers-King in solitary confinement, deny actions by Boys' School staff caused Chivers-King to exhibit those feelings, and deny the remaining allegations of paragraph 153. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 153 and, therefore, deny those allegations.

154.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 154. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 154 and, therefore, deny those allegations.

155-157.       Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that the Chivers-King was placed in solitary confinement at the Boys' School and deny the remaining allegations of paragraphs 155-157. The remaining Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations of paragraphs 155-157 and, therefore, deny those allegations.

158.       Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 158. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 158 and, therefore, deny those allegations.

159.       Defendants DFS, Wyoming Boys' School, Weber, and Shaffer deny the allegations of paragraph 159. Defendants Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that the Boys' School has a hardwood floor or that a single person would be able to throw Chivers-King in any manner. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 159 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 159 and, therefore, deny those allegations.

160.       Defendants DFS, Wyoming Boys' School, Weber, Mike Nelson, Mark Nelson Shaffer, Schwalbe, and Dahlke deny the allegations of paragraph 160. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 160 and, therefore, deny those allegations.

161.    Defendants DFS, Wyoming Boys' School, and Mark Nelson deny the allegations of paragraph 161. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 161 and, therefore, deny those allegations.

162.    In response to paragraph 162, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that Boys' School staff used improper restraints and force on Chivers-King that injured Chivers-King. Defendants DFS, Wyoming Boys' School, Weber, Mike Nelson, Mark Nelson, and Shaffer deny the remaining allegations of paragraph 162. Defendants Elsa Olson, Turner, Adams, Schwalbe, McGinty, Dahlke, Haun, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 162 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 162 and, therefore, deny those allegations.

163.    In response to paragraph 163, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that Boys' School staff physically abused Chivers-King. Defendants DFS, Wyoming Boys' School, Weber, Mike Nelson, and Schwalbe admit that on December 10, 2021, Chivers-King threatened to physically harm staff; based on past incidents, he had the ability to physically harm staff; and Chivers-King took additional actions to physically harm staff. These Defendants deny the remaining allegations of paragraph 163. Defendants Elsa Olson, Turner, Adams, Mark Nelson, Shaffer, McGinty, Dahlke, Haun, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 163 and, therefore, deny those allegations. The remaining Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations of paragraph 163 and, therefore, deny those allegations.

164.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 164. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 164 and, therefore, deny those allegations.

165.    Defendants DFS, Wyoming Boys' School, Weber, and Dahlke lack knowledge or information sufficient to form a belief about the truth of paragraph 165 regarding the opinion of a physician who examined Chivers-King after he was discharged from the Boys' School and, therefore, deny those allegations. These Defendants deny that nurse Dahlke prescribed medication to Chivers-King, deny that Dahlke prescribed an illegal limit of a new medication to Chivers-King, and deny the remaining allegations of paragraph 165. Defendants Elsa Olson, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Haun, and Del Olson deny that the Boys' School head nurse prescribed psychiatric medication to Chivers-King or any other Boys' School resident. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 165 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 165 and, therefore, deny those allegations.

166.    Defendants DFS, Wyoming Boys' School, Weber, and Dahlke deny the allegations of paragraph 166. Defendants Elsa Olson, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Haun, and Del Olson deny that the Boys' School head nurse made decisions about stopping Chivers-King's prescription medications. These Defendants lack knowledge or information sufficient to

42

form a belief about the truth of the remaining allegations of paragraph 166 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 166 and, therefore, deny those allegations.

167.    In response to paragraph 167, Defendants DFS, Wyoming Boys' School, Weber, and Dahlke deny that Dahlke had a conversation with Chivers-King's mother that occurred in the manner described and quoted. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 167 regarding Chivers-King's mother's thoughts and perceptions and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 167 and, therefore, deny those allegations.

168.    In response to paragraph 168, Defendants DFS, Wyoming Boys' School, Weber, Turner, Mike Nelson, Shaffer, Haun, and Dahlke admit that on occasion, Chivers-King banged or rubbed his head against a wall. Defendants Turner, Shaffer, and Haun lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 168 regarding metal braces on Chivers-King's teeth and, therefore, deny those allegations. Defendants DFS, Wyoming Boys' School, Weber, Mike Nelson, and Dahlke admit that on one occasion, Chivers-King removed wire spacers from his mouth. Defendants DFS, Wyoming Boys' School, Weber, Turner, Mike Nelson, Shaffer, Haun, and Dahlke deny the remaining allegations of paragraph 168. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 168 and, therefore, deny those allegations.

169.    In response to paragraph 169, Defendants DFS, Wyoming Boys' School, Weber, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Dahlke, and Del Olson admit that Chivers-King had a reported history of expressing suicidal ideation before he was admitted to the Boys' School.

These Defendants deny that Chivers-King attempted suicide while he was a Boys' School resident. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 169 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 169 and, therefore, deny those allegations.

170.    In response to paragraph 170, Defendants DFS, Wyoming Boys' School, Weber, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Dahlke, Haun, and Del Olson deny that Chivers-King attempted to take his life while at the Boys' School. Defendants DFS, Wyoming Boys' School, Weber, and Mike Nelson deny the remaining allegations of paragraph 170. Defendants Turner, Adams, Shaffer, Schwalbe, Dahlke, Haun, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 170 regarding an alleged comment by Mike Nelson and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 170 and, therefore, deny those allegations.

171.    In response to paragraph 171, Defendants DFS, Wyoming Boys' School, Weber, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Haun, and Del Olson deny that Boys' School staff failed to provide Chivers-King with a meaningful education. Defendants DFS, Wyoming Boys' School, Weber, Turner, Adams, and Del Olson admit that Chivers-King had an IEP when he first entered the Boys' School. Defendants DFS, Wyoming Boys' School, and Weber deny the remaining allegations of paragraph 171. Defendants Turner, Adams, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 171 regarding any requirement within the IEP and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 171. Defendants Mike Nelson, Shaffer,

Schwalbe, and Haun lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 171 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 171 and, therefore, deny those allegations.

172.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraph 172. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 172 and, therefore, deny those allegations.

173.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny that the Wyoming Boys' School placed Chivers-King in solitary confinement; deny that the Boys' School caused Chivers-King to not graduate from high school or earn his high school equivalency certificate; and deny the remaining allegations of paragraph 173 regarding events that occurred while Chivers-King was a Boys' School resident. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 173 regarding Chivers-King's efforts to graduate from high school or earn his high school equivalency certificate after he was discharged and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 173 and, therefore, deny those allegations.

174-177. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, McGinty, Dahlke, Haun, and Del Olson deny the allegations of paragraphs 174-177. The remaining Defendants lack knowledge or information

sufficient to form a belief about the truth of the allegations of paragraphs 174-177 and, therefore, deny those allegations.

178.    In response to paragraph 178, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Dahlke, and Haun admit that Tolar was admitted to the Boys' School on June 22, 2020, when he was seventeen years old, after the court ordered a change in his placement. These Defendants deny the remaining allegations of paragraph 178. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 178 and, therefore, deny those allegations.

179.    In response to paragraph 179, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, Dahlke, and Haun admit that before admission, Tolar was reported to have been diagnosed with schizencephaly and cerebral palsy. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 179 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 179 and, therefore, deny those allegations.

180.    In response to paragraph 180, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, Dahlke, and Haun admit that when Tolar was a Boys' School resident, he wore a leg brace. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 180 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 180 and, therefore, deny those allegations.

181.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 181 and, therefore, deny those allegations.

182.    In response to paragraph 182, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, Dahlke, and Haun admit that Tolar was reported to have been diagnosed with ADHD before he was admitted to the Boys' School and had a physical impairment. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 182 regarding other diagnoses (bipolar disorder, epilepsy, executive function disorder, autism spectrum disorder) and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 182. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 182 and, therefore, deny those allegations.

183-184.    In response to paragraphs 183-184, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, Dahlke, and Haun admit that Tolar had physical restrictions associated with his right leg. These Defendants deny the remaining allegations of paragraphs 183-184. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 183-184 and, therefore, deny those allegations.

185.    In response to paragraph 185, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Turner admit that Tolar was ordered by a court to be placed at the Boys' School for an indefinite period of time. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 185 as to Tolar's mother's feelings and thoughts and, therefore, deny those allegations. These Defendants deny that Tolar's mother dropped him off at the Boys' School facility parking lot when he first arrived; deny that Elsa Olson, Turner, or a male security guard met Tolar and his mother in the Boys' School parking lot and immediately shackled his wrists and ankles over his mother's protests; and deny the

remaining allegations of paragraph 185. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 185 and, therefore, deny those allegations.

186.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Turner deny the allegations of paragraph 186. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 186 and, therefore, deny those allegations.

187.    In response to paragraph 187, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, and Haun admit that for a period, Tolar was assigned to Dorm 4 for his Dorm 4 program, and Elsa Olson was the Dorm 4 Director. These Defendants deny the remaining allegations of paragraph 187. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 187 and, therefore, deny those allegations.

188.    In response to paragraph 188, Defendant Wyoming Boys' School denies the second and third sentences of paragraph 188. Defendant Wyoming Boys' School lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 188 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 188 and, therefore, deny those allegations.

189.    Defendants DFS, Wyoming Boys' School, Weber, and Turner deny the allegations of paragraph 189. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 189 and, therefore, deny those allegations.

190.    Defendant Wyoming Boys' School denies the allegations of paragraph 190. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 190 and, therefore, deny those allegations.

191.    Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson deny the allegations of paragraph 191. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 191 and, therefore, deny those allegations.

192.    In response to paragraph 192, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun admit that Tolar participated in the Dorm 4 sexual offender program. These Defendants deny the remaining allegations of paragraph 192. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 192 and, therefore, deny those allegations.

193.    In response to paragraph 193, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Dahlke admit that after Tolar tested positive for COVID-19, in compliance with public health orders, he was quarantined in a dorm room within a pod designated for COVID-19 quarantined residents. These Defendants deny that Tolar was wholly isolated when he was quarantined and deny the remaining allegations of paragraph 193. Defendant Haun denies that Tolar was isolated in his Dorm 4 dorm room for the period that Haun worked in Dorm 4. Defendant Haun lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 193 for the period after he transferred out of Dorm 4 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 193 and, therefore, deny those allegations.

194.    In response to paragraph 194, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun admit that Tolar's assigned dorm room on Dorm 4 had cinderblock walls, a metal door, and a window to the outdoors, and was different from the intake room he initially stayed in. These Defendants deny the remaining allegations of paragraph 194. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 194 and, therefore, deny those allegations.

195.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Schwalbe deny the allegations of paragraph 195. Defendant Haun denies the allegations of paragraph 195 for the period that Haun worked in Dorm 4. Defendant Haun lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 195 for the period after he transferred out of Dorm 4 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 195 and, therefore, deny those allegations.

196.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Dahlke deny the allegations of paragraph 196. Defendant Haun denies the allegations of paragraph 196 for the period that Haun worked in Dorm 4. Defendant Haun lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 196 for the period after he transferred out of Dorm 4 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 196 and, therefore, deny those allegations.

197.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Schwalbe deny the allegations of paragraph 197. Defendant Haun denies the allegations of paragraph 197 for the period that Haun worked in Dorm 4. Defendant Haun lacks knowledge or information sufficient

to form a belief about the truth of the allegations of paragraph 197 for the period after he transferred out of Dorm 4 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 197 and, therefore, deny those allegations.

198.    In response to paragraph 198, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun admit that, except when a resident mentor was assigned to a resident, Tolar and the other Boys' School residents were not allowed to freely converse with each other without permission to do so. These Defendants deny the remaining allegations of paragraph 198. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 198 and, therefore, deny those allegations.

199.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 199 regarding Tolar's thoughts, feelings, and actions talking to himself or playing different characters and, therefore, deny those allegations. These Defendants deny that the Boys' School placed Tolar in solitary confinement or isolation while he was a Dorm 4 resident, and deny the remaining allegations of paragraph 199. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 199 and, therefore, deny those allegations.

200.    In response to paragraph 200, Defendants DFS, Wyoming Boys' School, Weber, and Schwalbe deny that Boys' School staff placed Tolar in solitary confinement while he was a Dorm 4 resident; and deny that Schwalbe told a Dorm 4 resident to "shut the f*ck up or I'll make you," slammed a minor to the ground, or placed a minor in mechanical restraints that resembled a straitjacket. These Defendants lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations of paragraph 200 regarding Tolar's thoughts and actions and, therefore, deny those allegations. Defendants Elsa Olson and Haun deny that the Boys' School placed Tolar in solitary confinement while he was a Dorm 4 resident. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 200 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 200 and, therefore, deny those allegations.

201.    In response to paragraph 201, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, Dahlke, and Haun admit they understood that Tolar was diagnosed as having one or two seizures while he resided at the Boys' School. These Defendants deny that the Boys' School placed Tolar in solitary confinement and deny the remaining allegations of paragraph 201. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 201 and, therefore, deny those allegations.

202.    In response to paragraph 202, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, Dahlke, and Haun admit that they were informed that Tolar had not had seizures for approximately 12 years. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 202 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 202 and, therefore, deny those allegations.

203.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Schwalbe deny the allegations of paragraph 203. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 203 and, therefore, deny those allegations.

204.    Defendants DFS, Wyoming Boys' School, Weber, and Schwalbe deny the allegations of paragraph 204. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 204 and, therefore, deny those allegations.

205.    In response to paragraph 205, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Dahlke admit that in November 2020, Tolar tested positive for COVID-19. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Schwalbe deny the remaining allegations of paragraph 205. Defendant Dahlke lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 205 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 205 and, therefore, deny those allegations.

206.    Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson deny the allegations of paragraph 206. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 206 and, therefore, deny those allegations.

207.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Schwalbe deny the allegations of paragraph 207. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 207 and, therefore, deny those allegations.

208.    In response to paragraph 208, Defendants DFS, Wyoming Boys' School, Weber, and Schwalbe admit that Tolar looked around and wrote a statement in which he detailed sexual fantasies and other fantasies about Tolar's assigned counselor from Cloud Peak Counseling Center,

Ms. Galovich. These Defendants deny the remaining allegations of paragraph 208. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 208 and, therefore, deny those allegations.

209.    In response to paragraph 209, Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson admit that Elsa Olson is not a licensed medical professional. These Defendants deny that Elsa Olson "refused to accept that [Tolar] had anything wrong with his brain." These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 209 regarding the opinions of medical professionals and the results of a brain scan showing that Tolar has a hole in the gray matter of his brain and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 209 and, therefore, deny those allegations.

210.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Schwalbe deny the allegations of paragraph 210. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 210 and, therefore, deny those allegations.

211.    In response to paragraph 211, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun admit that Tolar wore a leg brace for medical reasons. These Defendants deny the remaining allegations of paragraph 211. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 211 and, therefore, deny those allegations.

212.    In response to paragraph 212, Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson admit that Weber was aware that Tolar wore a leg brace for medical reasons. These

Defendants deny the remaining allegations of paragraph 212. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 212 and, therefore, deny those allegations.

213.    In response to paragraph 213, Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson admit that on occasion, Tolar's leg brace broke and needed to be repaired. These Defendants deny the remaining allegations of paragraph 213. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 213 and, therefore, deny those allegations.

214.    In response to paragraph 214, Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson admit that Tolar's leg brace was promptly repaired twice by Boys' School maintenance staff and state the repaired brace was returned to Tolar without delay. These Defendants deny the remaining allegations of paragraph 214. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 214 and, therefore, deny those allegations.

215.    In response to paragraph 215, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun admit that lower body physical training restrictions were imposed on Tolar and state the restrictions were imposed when the brace was broken, and after the brace was repaired and returned to him, due to concerns that the leg brace might break again. These Defendants deny the remaining allegations of paragraph 215. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 215 and, therefore, deny those allegations.

216.    In response to paragraph 216, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun deny that Boys' School staff denied Tolar his leg brace, and deny

that Tolar sustained an injury to his leg, foot, or ankle attributable to actions by Boys' School staff. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 216 regarding the current condition of Tolar's right leg, foot, or ankle and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 216 and, therefore, deny those allegations.

217.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 217 and, therefore, deny those allegations.

218.    In response to paragraph 218, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Dahlke admit that the Boys' School attempted to coordinate the Botox injections from a local provider; then authorized and secured paperwork for Tolar's mother to transport Tolar to his medical provider in Utah so he could receive Botox injections. Defendant Dahlke lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 218 regarding the place where Tolar stayed overnight in Rock Springs and, therefore, denies those allegations. Defendant Dahlke denies the remaining allegations of paragraph 218. Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson admit that for safety reasons, a court order required Tolar to stay in secure detention overnight in the Sweetwater County Detention Center rather than at his mother's home in Rock Springs. These Defendants deny the remaining allegations of paragraph 218. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 218 and, therefore, deny those allegations.

219.    In response to paragraph 219, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Schwalbe lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 219 regarding communications between Tolar and his mother while

they traveled to Salt Lake City and, therefore, deny those allegations. These Defendants deny that Tolar experienced abuse at the Boys' School, and deny the remaining allegations of paragraph 219. Defendants Schwalbe and Haun deny that Tolar experienced abuse at the Boys' School. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 219 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 219 and, therefore, deny those allegations.

220.    In response to paragraph 220, Defendant DFS admits that Tolar's mother called Dan Mast. Defendant DFS denies the remaining allegations of paragraph 220. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 220 and, therefore, deny those allegations.

221.    In response to paragraph 221, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Turner admit that Tolar was transferred to a different dorm. Defendant Turner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 221 and, therefore, denies those allegations. Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson admit Tolar had a history of not telling the truth, and Child Protective Services conducted an investigation. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 221 regarding Tolar's mother's communications with Dan Mast and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 221. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 221 and, therefore, deny those allegations.

222.    In response to paragraph 222, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, and Schwalbe admit that no discipline occurred. These Defendants deny that Boys' School staff engaged in abuse or other conduct toward Tolar that would warrant discipline, and deny the remaining allegations of paragraph 222. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 222 and, therefore, deny those allegations.

223-224.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, and Schwalbe deny the allegations of paragraphs 223-224. Defendant Haun denies the allegations of paragraphs 223-224 for the period that Haun worked in Dorm 4. Defendant Haun lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 223-224 for the period after he transferred out of Dorm 4 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 223-224 and, therefore, deny those allegations.

225.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, and Haun deny the allegations of paragraph 225. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 225 and, therefore, deny those allegations.

226-228.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, and Haun deny that Tolar was in solitary confinement at the Boys' School; and deny the remaining allegations of paragraphs 226-228. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 226-228 and, therefore, deny those allegations.

229-230.     Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, and Haun deny the allegations of paragraphs 229-230. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 229-230 and, therefore, deny those allegations.

231.     In response to paragraph 231, Defendants DFS and Wyoming Boys' School deny that Tolar had not needed medication for seizures for several years before his admission to the Boys' School. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 231 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 231 and, therefore, deny those allegations.

232.     Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin admit the allegations of paragraph 232. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 232 and, therefore, deny those allegations.

233.     In response to paragraph 233, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin admit D.H. was reported to have been diagnosed with ADHD before admission to the Boys' School. Defendants Elsa Olson, Mike Nelson, Shaffer, Coronado, Haun, and Urbin lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 233 regarding D.H.'s other diagnoses (ODD, unspecified trauma and stressor-related disorder) or his medication history and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 233. Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson admit that D.H. was diagnosed with Oppositional Defiant Disorder and unspecified trauma and stressor-related

disorder in an evaluation conducted while he was a Boys' School resident. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 233 regarding D.H. taking medication for ADHD since he was 8 years old and, therefore, deny those allegations. These Defendants deny the remaining allegiant of paragraph 233. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 233 and, therefore, deny those allegations.

234.    In response to paragraph 234, Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson admit D.H. had an IEP. Defendants DFS, Wyoming Boys' School, Weber, and Del Olson deny the remaining allegations of paragraph 234. Defendants Adams lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 234 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 234 and, therefore, deny those allegations.

235-237.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin deny the allegations of paragraphs 235-237. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 235-237 and, therefore, deny those allegations.

238.    Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 238 regarding D.H. having been prescribed medication for ADHD treatment since he was 8 years old and, therefore, deny those allegations. These Defendants admit that Boys' School staff did not provide D.H. with medication for ADHD and state that the Boys' School was not provided a prescription for D.H. to take ADHD medication from a licensed provider. These Defendants deny

the remaining allegations of paragraph 238. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 238 and, therefore, deny those allegations.

239.    In response to paragraph 239, Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson admit that Adams is not a medical professional and state that he is not licensed to prescribe medication. These Defendants deny the remaining allegations of paragraph 239. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 239 and, therefore, deny those allegations.

240.    In response to paragraph 240, Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson admit that in June 2024, D.H. was assessed by a doctor. These Defendants deny the remaining allegations of paragraph 240. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 240 and, therefore, deny those allegations.

241.    In response to paragraph 241, Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson admit that Boys' School staff did not provide D.H. with medication for ADHD and state that the Boys' School was not provided a prescription for D.H. to take ADHD medication from a licensed provider. These Defendants deny the remaining allegations of paragraph 241. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 241 and, therefore, deny those allegations.

242.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, Haun, Del Olson, and Urbin deny the allegations of paragraph 242. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 242 and, therefore, deny those allegations.

243.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, Haun, Del Olson, and Urbin deny that the Boys' School placed D.H. in solitary confinement and deny the remaining allegations of paragraph 243. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 243 and, therefore, deny those allegations.

244.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, and Coronado deny the allegations of paragraph 244. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 244 and, therefore, deny those allegations.

245-248.    Defendants DFS, Wyoming Boys' School, Weber, and Coronado deny the allegations of paragraphs 245-248. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 245-248 and, therefore, deny those allegations.

249.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado and Del Olson deny the allegations of paragraph 249. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 249 and, therefore, deny those allegations.

250-252.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Shaffer, Coronado, Haun, and Del Olson deny that D.H. was in solitary confinement at the Boys' School and deny the remaining allegations of paragraphs 250-252. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 250-252 and, therefore, deny those allegations.

253.    In response to paragraph 253, Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson admit that when a licensed mental health provider assessed D.H. and prescribed medication for him, the medication was dispensed to D.H. as prescribed. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 253 regarding whether D.H. had depression or anxiety before his stay at the Boys' School and, therefore, deny those allegations. These Defendants deny the remaining the allegations of paragraph 253. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 253 and, therefore, deny those allegations.

254.    In response to paragraph 254, Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson admit that Adams and other Boys' School staff did not provide D.H. with medication for ADHD and state that the Boys' School was not provided a prescription for D.H. to take ADHD medication from a licensed provider. These Defendants deny the remaining allegations of paragraph 254. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 254 and, therefore, deny those allegations.

255.    Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson deny the allegations of paragraph 255. Defendant Mike Nelson denies that D.H. was significantly impacted or changed over the course of his placement at the Boys' School. Defendant Mike Nelson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 255 regarding D.H.'s medication and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 255 and, therefore, deny those allegations.

256.    In response to paragraph 256, Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, Haun, Del Olson, and Urbin admit that after an investigation on or about May 6, 2024, it was determined that D.H. had a plan to abscond from the Boys' School and had taken measures to carry out the plan; and that due to his behavior, D.H. was placed on observation status and temporary community restriction. These Defendants deny that D.H. was in solitary confinement at the Boys' School; deny that observation status and temporary community restriction involve solitary confinement; and deny the remaining allegations of paragraph 256. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 256 and, therefore, deny those allegations.

257.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin admit that at times, D.H. was required to wear specialized orange clothing. These Defendants deny the remaining allegations of paragraph 257. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 257 and, therefore, deny those allegations.

258.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin deny the allegations of paragraph 258. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 258 and, therefore, deny those allegations.

259.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin deny that D.H. was in solitary confinement at the Boys' School and deny the remaining allegations of paragraph 259. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 259 and, therefore, deny those allegations.

260-261.        Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, Haun, and Del Olson deny that D.H. was in solitary confinement at the Boys' School and deny the remaining allegations of paragraphs 260-261. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 260-261 and, therefore, deny those allegations.

262-263.        In response to paragraphs 262-263, Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, and Del Olson deny that D.H. was in solitary confinement at the Boys' School and deny that the Boys' School or its staff deprived D.H. of meaningful education opportunities. Defendants DFS, Wyoming Boys' School, Weber, and Del Olson deny the remaining allegations of paragraphs 262-263. Defendants Adams, Mike Nelson, and Coronado lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 262-263 regarding any requirement within D.H.'s IEP and the Boys' School's instructional obligations as to D.H. and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 262-263 and, therefore, deny those allegations.

264.        Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, and Del Olson deny that D.H. was in solitary confinement at the Boys' School and deny the remaining allegations of the first sentence of paragraph 264. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 264 regarding D.H.'s grades on December 3, 2024 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 264 and, therefore, deny those allegations.

265.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, Haun, and Del Olson deny that D.H. was in solitary confinement at the Boys' School and deny the remaining allegations of paragraph 265. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 265 and, therefore, deny those allegations.

266.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, and Del Olson deny that D.H. was in solitary confinement at the Boys' School and deny the remaining allegations of paragraph 266. Defendant Haun denies that that D.H. was in solitary confinement at the Boys' School. Defendant Haun lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 266 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 266 and, therefore, deny those allegations.

267.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, Haun, and Del Olson deny that D.H. was in solitary confinement at the Boys' School and deny the remaining allegations of paragraph 267. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 267 and, therefore, deny those allegations.

268.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Coronado, Haun, Del Olson, and Urbin deny the allegations of paragraph 268. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 268 and, therefore, deny those allegations.

269-270.    Defendants DFS, Wyoming Boys' School, Weber, Shaffer, Haun, Del Olson, and Urbin deny the allegations of paragraphs 269-270. The remaining Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 269-270 and, therefore, deny those allegations.

271.    In response to paragraph 271, Defendants DFS, Wyoming Boys' School, Weber, and Del Olson admit that D.H.'s mother made a report to DFS. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 271 regarding D.H.'s mother's thoughts and motives and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 271. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 271 and, therefore, deny those allegations.

272.    Defendant DFS denies the allegations of paragraph 272. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 272 and, therefore, deny those allegations.

273.    In response to paragraph 273, Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin admit that D.H. was moved to another facility. Defendant DFS denies the remaining allegations of paragraph 273. Defendants Wyoming Boys' School, Weber, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 273 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 273 and, therefore, deny those allegations.

274-275.    Defendants DFS, Wyoming Boys' School, Weber, Adams, Mike Nelson, Shaffer, Coronado, Haun, Del Olson, and Urbin deny that D.H. endured traumatic experiences at the Boys' School and deny the remaining allegations of paragraphs 274-275. The remaining

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 274-275 and, therefore, deny those allegations.

276.     In response to paragraph 276, Defendants DFS, Wyoming Boys' School, Weber, Turner, Elsa Olson, Shaffer, Schwalbe, and Haun admit that Plaintiff Willis was born in Colorado and moved to Wyoming before a court ordered him to be placed at the Boys' School. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 276 and, therefore, deny those allegations.

277–279.     Defendants DFS, Wyoming Boys' School, Weber, Turner, Elsa Olson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraphs 277–279. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 277–279 and, therefore, deny those allegations.

280.     Defendants DFS, Wyoming Boys' School, Weber, Turner, Elsa Olson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 280. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 280 and, therefore, deny those allegations.

281.     In response to paragraph 281, Defendants DFS, Wyoming Boys' School, Weber, Turner, Elsa Olson, Shaffer, Schwalbe, and Haun admit Willis had an IEP. Defendants DFS, Wyoming Boys' School, and Weber deny the remaining allegations of paragraph 281. Defendants Turner, Elsa Olson, Shaffer, Schwalbe, and Haun lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 281 regarding any requirement within the IEP and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 281. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 281 and, therefore, deny those allegations.

282.    In response to paragraph 282, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun admit that Willis had two placements at the Boys' School, each starting in 2019; and that in his second placement, he was assigned in different time periods to Dorm 1 and Dorm 4. These Defendants deny the remaining allegations of paragraph 282. Defendant Mike Nelson admits that Willis was on Dorm 1 for a period in 2020, and states that Willis was no longer on Dorm 1 when Nelson accepted a position on Dorm 1. Mike Nelson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 282 and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 282 and, therefore, deny those allegations.

283-284.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraphs 283-284. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 283-284 and, therefore, deny those allegations.

285-288.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraphs 285-288. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 285-288 and, therefore, deny those allegations.

289.    In response to paragraph 289, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Shaffer, Schwalbe, and Haun admit that, except when a resident mentor was assigned to a resident, residents were not allowed to freely converse with each other without permission to do so. These Defendants deny the remaining allegations of paragraph 289. Defendants Mark Nelson and Dahlke deny the first sentence of paragraph 289. These Defendants

lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 289 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 289 and, therefore, deny those allegations.

290-291.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraphs 290-291. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 290-291 and, therefore, deny those allegations.

292.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 292. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 292 and, therefore, deny those allegations.

293.    In response to paragraph 293, Defendant Wyoming Boys' School admits that on one occasion, Willis covered cameras in the safety room with toilet paper. Defendants DFS, Wyoming Boys' School, Weber, and Shaffer admit that once, Willis beat his head on a door. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 293 regarding Willis's thoughts or motivations and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 293. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 293 and, therefore, deny those allegations.

294-295.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraphs

294-295. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 294-295 and, therefore, deny those allegations.

296.     Defendants DFS, Wyoming Boys' School, Weber, and Shaffer deny the allegations of paragraph 296. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 296 and, therefore, deny those allegations.

297.     Defendants DFS, Wyoming Boys' School, Weber, and Shaffer deny the allegations of paragraph 297. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 297 and, therefore, deny those allegations.

298.     Defendants DFS, Wyoming Boys' School, Weber, Mike Nelson, and Mark Nelson deny the allegations of paragraph 298. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 298 and, therefore, deny those allegations.

299.     Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 299. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 299 and, therefore, deny those allegations.

300.     Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Shaffer, and Schwalbe deny the allegations of paragraph 300. The remaining Defendants deny that placement in orange clothing is a punishment. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 300 and, therefore, deny those allegations.

301.     In response to paragraph 301, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Mike Nelson, Shaffer, Schwalbe, and Haun deny that the Boys' School failed

to provide Willis with meaningful educational opportunities and deny that the Boys' School failed to give Willis access to the range of classes he needed to graduate from high school. Defendants DFS, Wyoming Boys' School, and Weber deny the remaining allegations of paragraph 301. Defendants Elsa Olson, Turner, Mike Nelson, Shaffer, Schwalbe, and Haun lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 301 regarding any requirement within the IEP and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 301. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 301 and, therefore, deny those allegations.

302.     Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 302. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 302 and, therefore, deny those allegations.

303.     In response to paragraph 303, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Shaffer, Schwalbe, Dahlke, and Haun deny that Willis was in solitary confinement at the Boys' School. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, and Haun deny the remaining allegations of paragraph 303. Defendants Shaffer and Dahlke lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 303 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 303 and, therefore, deny those allegations.

304.     In response to paragraph 304, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Shaffer, Schwalbe, Dahlke, and Haun deny that Willis was in solitary

confinement at the Boys' School. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Schwalbe, Dahlke, and Haun deny the remaining allegations of paragraph 304. Defendants Shaffer and Dahlke lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 304 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 304 and, therefore, deny those allegations.

305.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Shaffer, Schwalbe, Dahlke, and Haun deny the allegation of paragraph 305.

306–307.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun deny that Willis endured traumatic experiences at the Boys' School and deny the remaining allegations of paragraphs 306-307. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 306-307 and, therefore, deny those allegations.

308.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Shaffer, Schwalbe, Dahlke, and Haun admit that Cranford resided at the Boys' School in 2019 and 2020, and state that before the Boys' School, a court had ordered Cranford to be placed at other facilities. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 308 and, therefore, deny those allegations.

309.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 309. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 309 and, therefore, deny those allegations.

310-311.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraphs 310-311. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 311 and, therefore, deny those allegations.

312.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun deny the allegations of paragraph 312. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 312 and, therefore, deny those allegations.

313.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 313. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 313 and, therefore, deny those allegations.

314.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun deny the allegations of paragraph 314. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 314 and, therefore, deny those allegations.

315.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mark Nelson, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 315. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 315 and, therefore, deny those allegations.

316.    Defendants DFS, Wyoming Boys' School, Weber, and Dahlke deny the allegations of paragraph 316. Defendants Elsa Olson, Schwalbe, and Haun deny that Boys' School staff had the ability to change Cranford's psychotropic medication and deny that Cranford reported feeling

nauseous and loopy, acted nauseous and loopy, or that he reported throwing up from medication. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 316 and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 316 and, therefore, deny those allegations.

317-322.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraphs 317-322. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 317-322 and, therefore, deny those allegations

323.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 323 and state that Cranford was on the honor roll and received his high school diploma while at the Boys' School. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 323 and, therefore, deny those allegations.

324.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, Mark Nelson, Shaffer, Dahlke, and Haun deny the allegations of paragraph 324. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 324 and, therefore, deny those allegations.

325-326.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, Shaffer, Dahlke, and Haun deny the allegations of paragraphs 325–326. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 325–326 and, therefore, deny those allegations.

327-328.      Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, Mark Nelson, Shaffer, Dahlke, and Haun deny the allegations of paragraphs 327–328. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 327–328 and, therefore, deny those allegations.

329-330.      Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, Shaffer, Dahlke, and Haun deny the allegations of paragraphs 329–330. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 329–330 and, therefore, deny those allegations.

331.      Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraph 331. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 331 and, therefore, deny those allegations.

332-333.      Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mark Nelson, Shaffer, Schwalbe, Dahlke, and Haun deny the allegations of paragraphs 332–333. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 332–333 and, therefore, deny those allegations.

## **LEGAL CLAIMS**

### **FIRST CLAIM FOR RELIEF**
**Isolation Resulting in Deprivation of Basic Human Needs—Violation of Plaintiffs' Eighth & Fourteenth Amendment Rights**
(Plaintiff Karn Against Defendants Weber, Adams, and Elsa Olson)
(Plaintiff Chivers-King Against Defendants Weber and Mike Nelson)
(Plaintiff Tolar Against Defendants Weber, Elsa Olson, Amanda Turner, and John Schwalbe)
(Plaintiff D.H. Against Defendants Weber, Adams, Coronado, and Del Olson)
(Plaintiff Willis Against Defendants Weber, Elsa Olson, Amanda Turner, and Thad Shaffer)
(Plaintiff Cranford Against Defendants Weber, Elsa Olson, and John Schwalbe)

334.      In response to paragraph 334, Defendants repeat and incorporate by this reference the responses set forth herein.

335.    In response to paragraph 335, Defendants admit that Defendants Weber (in his individual capacity), Elsa Olson, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Coronado, and Del Olson are persons under 42 U.S.C. § 1983 and acted under color of state law at relevant times. Defendants deny the remaining allegations of paragraph 335 and specifically deny that Weber in his official capacity is a "person" under section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64–66, 70–71 (1989).

336.    In response to paragraph 336, Defendants DFS, Wyoming Boys' School, Elsa Olson, Turner, Adams, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Dahlke, Haun, and Del Olson admit that at times, Adams, Elsa Olson, Turner, Mike Nelson, and Del Olson were dormitory directors at the Boys' School. Defendants DFS, Wyoming Boys' School, Elsa Olson, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Haun, and Del Olson deny the remaining allegations of paragraph 336. Defendants Mark Nelson and Dahlke lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 336 regarding Plaintiff D.H. and, therefore, deny those allegations. These Defendants deny the allegations regarding Plaintiffs Chivers-King, Karn, Tolar, Cranford, and Willis, and deny the remaining allegations of paragraph 336. Defendant McGinty admits that at times, Adams, Elsa Olson, Turner, and Del Olson were dormitory directors at the Boys' School. Defendant McGinty lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 336 regarding Plaintiffs Tolar, Cranford, Willis, and D.H. and, therefore, denies those allegations. Defendant McGinty denies the allegations regarding Plaintiffs Chivers-King and Karn and denies the remaining allegations of paragraph 336. Defendants Coronado and Urbin admit that Adams is a dormitory director at the Boys' School. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 336 regarding Plaintiffs Chivers-King, Karn,

Tolar, Cranford, and Willis, and positions that Boys' School employees may have held before Coronado or Urbin worked at the Boys' School and, therefore, deny those allegations. These Defendants deny that Coronado was a dormitory director, deny the allegations regarding Plaintiff D.H., and deny the remaining allegations of paragraph 336.

337.    In response to paragraph 337, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Dahlke, Coronado, Haun, Del Olson, and Urbin admit that at times, Weber was the Boys' School's Superintendent; at times, Weber or Del Olson acted as the Boys' School's Duty Superintendent; and the Duty Superintendent's role is to assist Boys' School staff with managing or reviewing critical situations after hours and during weekends and holidays. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Haun, and Del Olson deny the remaining allegations of paragraph 337. Defendant Dahlke lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 337 regarding Plaintiff D.H. and, therefore, denies those allegations. Defendant Dahlke denies the allegations regarding Chivers-King, Karn, Tolar, Cranford, and Willis and denies the remaining allegations of paragraph 337. Defendants Coronado and Urbin lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 337 regarding Plaintiffs Chivers-King, Karn, Tolar, Cranford, and Willis and, therefore, deny those allegations. Defendants Coronado and Urbin deny the allegations regarding Plaintiff D.H. and deny the remaining allegations of paragraph 337. Defendants Mark Nelson and McGinty admit that at times, Weber was the Boys' School's Superintendent; at times, Weber acted as the Boys' School's Duty Superintendent; and the Duty Superintendent's role would be to assist Boys' School staff with managing or reviewing critical situations after hours and during weekends and holidays. Defendant Mark Nelson lacks knowledge or information sufficient to form

a belief about the truth of the allegations of paragraph 337 regarding D.H. and, therefore, denies those allegations. Defendant Mark Nelson denies the allegations regarding Chivers-King, Karn, Tolar, Cranford, and Willis and denies the remaining allegations of paragraph 337. Defendant McGinty lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 337 regarding Tolar, Cranford, Willis, and D.H. and, therefore, denies those allegations. Defendant McGinty denies the allegations regarding Chivers-King and Karn, and denies the remaining allegations of paragraph 337.

338.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Turner, Adams, Mike Nelson, Shaffer, Schwalbe, Haun, and Del Olson deny the allegations of paragraph 338. Defendants Mark Nelson, McGinty, and Dahlke lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 338 regarding D.H. and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 338. Defendants Coronado and Urbin lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 338 regarding Chivers-King, Karn, Tolar, Cranford, and Willis and, therefore, deny those allegations. These Defendants deny the remaining allegations of paragraph 338.

339-340.    Defendants deny the allegations of paragraphs 339-340.

341.    Defendants deny that the Wyoming Boys' School uses solitary confinement; deny that Defendants and/or Boys' School staff deprived Plaintiffs of their basic dignity and humanity in violation of contemporary standards of human decency and inflicted cruel and unusual treatment; deny that Defendants violated Plaintiffs' Eighth and Fourteenth Amendment rights; and deny the remaining allegations of paragraph 341.

342.    In response to paragraph 342, Defendants admit that Boys' School residents—who were adjudicated delinquent and ordered to the placement by a court—were subjected to various conditions of confinement. Defendants deny that Boys' School residents were placed in extreme conditions of isolation or conditions of confinement that created a substantial risk of harm to their mental and physical health, and deny the remaining allegations of paragraph 342.

343.    Defendants deny that Plaintiffs were in isolation when they were Boys' School residents; deny that the Boys' School's practices risked harm to Plaintiffs' mental and physical health; and deny the remaining allegations of paragraph 343.

344.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 344 regarding others' condemnation as to "solitary confinement" conditions that do not exist at the Boys' School and, therefore, deny those allegations. Defendants deny that the Wyoming Boys' School uses or used solitary confinement; deny that the Boys' School's policies and practices violated contemporary standards of human dignity and decency; and deny that other states' practices regarding "solitary confinement" provide a meaningful comparison to show the Boys' School's practices—which do not involve solitary confinement—are "unusual;" and deny the remaining allegations of paragraph 344.

345.    Defendants deny that the Wyoming Boys' School uses solitary confinement and deny the remaining allegations of paragraph 345.

346–349.    Defendants deny the allegations of paragraphs 346–349.

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983—Fourteenth Amendment**
**Unlawful Use of Restraints and Excessive Force**
(Plaintiff Karn Against Defendants Weber, Shaffer, Schwalbe, and Mark Nelson)
(Plaintiff Chivers-King Against Defendants Weber, Del Olson, Shaffer, Mike Nelson, and Mark Nelson)
(Plaintiff Tolar Against Defendants Weber, Elsa Olson, and Schwalbe)
(Plaintiff D.H. Against Defendants Weber, Del Olson, Urbin, and Haun)
(Plaintiff Willis Against Defendants Weber, Elsa Olson, Shaffer, Schwalbe, Haun, Mike Nelson, and Mark Nelson)
(Plaintiff Cranford Against Defendants Weber, Elsa Olson, Shaffer, Schwalbe, and Mark Nelson)

350.    In response to paragraph 350, Defendants repeat and incorporate by this reference the responses set forth herein.

351.    In response to paragraph 351, Defendants admit that Defendants Weber (in his individual capacity), Elsa Olson, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Haun, Del Olson, and Urbin are persons under 42 U.S.C. § 1983 and acted under color of state law at relevant times. Defendants deny the remaining allegations of paragraph 351 and specifically deny that Weber in his official capacity is a "person" under section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64–66, 70–71 (1989).

352.    In response to paragraph 352, Defendants admit that in the general sense, Plaintiffs had rights under the Fourteenth Amendment. Defendants deny that Plaintiffs were subjected to constitutionally excessive force or unlawful restraints and deny the remaining allegations of paragraph 352.

353.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Haun, Del Olson, and Urbin deny the allegations of paragraph 353 and subparagraphs (a)–(*l*). The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 353 and subparagraphs (a)–(*l*) and, therefore, deny those allegations.

354.    Defendants deny the allegations of paragraph 354.

355-356.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Haun, Del Olson, and Urbin deny the allegations of paragraphs 355-356. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 355-356 and, therefore, deny those allegations.

357.    In response to paragraph 357, Defendants DFS, Wyoming Boys' School, Weber, and Del Olson admit that Plaintiffs' Fourth Amended Complaint limits the supervisory claims against Del Olson under the Second Claim for Relief to Plaintiff Chivers-King in 2022 and Plaintiff D.H. These Defendants deny that Del Olson was Deputy Superintendent of the Boys' School in 2022 and had a supervisory responsibility to oversee a use of force or restraint; deny that in 2022, Plaintiff Chivers-King was subject to any use of force or unlawful restraint at the Boys' School and/or by Boys' School staff; and deny the remaining allegations of paragraph 357. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 357 and, therefore, deny those allegations.

358.    Defendants DFS, Wyoming Boys' School, Weber, Del Olson, Elsa Olson, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Haun, and Urbin deny the allegations of paragraph 358. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 358 and, therefore, deny those allegations.

359.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Haun, Del Olson, and Urbin deny using restraints excessively or as a form of punishment; deny using restraints on Plaintiffs in a manner that could impose serious psychological pain and suffering and physical injuries; and deny the remaining allegations of paragraph 359. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 359 and, therefore, deny those allegations.

360.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Haun, Del Olson, and Urbin deny using restraints excessively with Plaintiffs; deny using excessive force with Plaintiffs; and deny the remaining allegations of paragraph 360. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 360 and, therefore, deny those allegations.

361.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Haun, Del Olson, and Urbin deny using restraints excessively on Plaintiffs; deny using excessive force on Plaintiffs; deny placing Plaintiffs at risk; and deny the remaining allegations of paragraph 361. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 361 and, therefore, deny those allegations.

362-363.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Mike Nelson, Mark Nelson, Shaffer, Schwalbe, Haun, Del Olson, and Urbin deny the allegations of paragraphs 362-363. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 362-363 and, therefore, deny those allegations.

364-365.    Defendants deny the allegations of paragraphs 364-365.

### THIRD CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983—Fourteenth Amendment
### Deliberate Indifference to Medical Needs

(Plaintiff Karn Against Defendants Shaffer, Schwalbe, McGinty, and Weber)
(Plaintiff Chivers-King Against Defendants Dahlke and Mike Nelson)
(Plaintiff Tolar Against Defendants Elsa Olson, Schwalbe, and Weber)
(Plaintiff D.H. Against Defendant Adams)
(Plaintiff Willis Against Defendants Elsa Olson, Shaffer, and Schwalbe)
(Plaintiff Cranford Against Defendant Schwalbe)

366.    In response to paragraph 366, Defendants repeat and incorporate by reference the responses set forth herein.

367.    In response to paragraph 367, Defendants admit that Defendants Weber (in his individual capacity), Elsa Olson, Adams, Mike Nelson, Shaffer, Schwalbe, McGinty, and Dahlke are persons under 42 U.S.C. § 1983 and acted under color of state law at the relevant times; and state that Del Olson is not named as a Defendant in the Third Claim for Relief. Defendants deny the remaining allegations of paragraph 367 and specifically deny that Weber in his official capacity is a "person" under section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64–66, 70–71 (1989).

368.    In response to paragraph 368, Defendants admit that in the general sense, Plaintiffs had rights under the Fourteenth Amendment. Defendants deny that Defendants Weber, Elsa Olson, Adams, Mike Nelson, Shaffer, Schwalbe, McGinty, or Dahlke were deliberately indifferent to Plaintiffs' known serious medical needs and deny the remaining allegations of paragraph 368.

369.    In response to paragraph 369, Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Schwalbe admit they were aware that Tolar wore a leg brace. Defendants DFS, Wyoming Boys' School, Weber, and Elsa Olson admit that Tolar needed Botox injections and state that (as stated in the Fourth Amended Complaint, ¶ 218) arrangements were made so that Tolar received Botox injections. Defendant Schwalbe lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 369 regarding Botox injections and, therefore, denies those allegations. Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, and Schwalbe deny the remaining allegations of paragraph 369. Defendant Haun lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 369 regarding Botox injections or Tolar's mother's requests about medical care and, therefore, denies those allegations. Defendant Haun denies that Tolar was not allowed to wear his leg brace and denies the remaining allegations of paragraph 369. The remaining Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations of paragraph 369 and, therefore, deny those allegations.

370.    Defendants DFS, Wyoming Boys' School, Weber, Shaffer, Schwalbe, and McGinty deny the allegations of paragraph 370. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 370 and, therefore, deny those allegations.

371.    Defendants DFS, Wyoming Boys' School, Weber, and Dahlke deny the allegations of paragraph 371. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 371 and, therefore, deny those allegations.

372.    Defendants DFS, Wyoming Boys' School, Weber, and Mike Nelson deny the allegations of paragraph 372. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 372 and, therefore, deny those allegations.

373.    Defendants DFS, Wyoming Boys' School, Weber, Adams, and Del Olson deny the allegations of paragraph 373. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 373 and, therefore, deny those allegations.

374.    Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Shaffer, and Schwalbe deny the allegations of paragraph 374. The remaining Defendants deny that the Boys' School uses solitary confinement and deny that placing a resident in orange clothing is a form of punishment. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 374 and, therefore, deny those allegations.

375.     Defendants DFS, Wyoming Boys' School, Weber, Elsa Olson, Schwalbe, and Haun deny the allegations of paragraph 375. The remaining Defendants deny that the Boys' School uses solitary confinement. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 375 and, therefore, deny those allegations.

376-381.         Defendants deny the allegations of paragraphs 376-381.

**FOURTH CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983—Fourteenth Amendment**
**Due Process**
(All Plaintiffs Against Defendant Weber)
(Plaintiffs D.H. and Chivers-King against Defendant Del Olson)

382.     In response to paragraph 382, Defendants repeat and incorporate by reference the responses set forth herein.

383.     In response to paragraph 383, Defendants admit that Weber and Del Olson are "persons" under 42 U.S.C. § 1983 as to the individual capacity claim against them. Defendants deny the remaining allegations of paragraph 383 and specifically deny that Weber in his official capacity is a "person" under section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64– 66, 70–71 (1989).

384.     In response to paragraph 384, Defendants admit that in the general sense, Plaintiffs had due process rights under the Fourteenth Amendment. Defendants deny that Plaintiffs were deprived of due process and deny the remaining allegations of paragraph 384.

385.     Defendants DFS, Wyoming Boys' School, Weber, and Del Olson deny the allegations of paragraph 385. Del Olson states that in 2022, he was not the Deputy Superintendent; and in 2022, he was the Boys' School's student admissions coordinator and had no supervisory or case management responsibilities for Chivers-King. The remaining Defendants deny that Plaintiffs were in solitary confinement at the Boys' School; deny that Plaintiffs were denied meaningful notice; and deny that Plaintiffs were deprived of due process. These Defendants lack knowledge

or information sufficient to form a belief about the truth of the remaining allegations of paragraph 385 and, therefore, deny those allegations.

386.    In response to paragraph 386, Defendants DFS, Wyoming Boys' School, Weber, and Del Olson admit that Plaintiffs have limited Chivers-King's claim against Del Olson in the Fourth Claim for Relief to the period in 2022 that Chivers-King resided at the Boys' School after he was released from the Washakie County Detention Center. These Defendants deny that in 2022, Del Olson was the Boys' School's Deputy Superintendent; deny that in 2022, Del Olson had a supervisory responsibility to review any status that Plaintiffs characterize as "solitary confinement" or review a restraint; deny that in 2022, Plaintiff Chivers-King was subject to any status that Plaintiffs characterize as "solitary confinement" at the Boys' School or a restraint by Boys' School staff; and deny the remaining allegations of paragraph 386. Del Olson states that in 2022, he was the Boys' School's student admissions coordinator and had no supervisory or case management responsibilities for Chivers-King. The remaining Defendants deny that the Boys' School uses solitary confinement. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 386 and, therefore, deny those allegations.

387-395.    Defendants deny the allegations of paragraphs 387-395.

### FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 12132—Disability Discrimination
(Against Defendants Wyoming DFS, Wyoming Boys' School, and Weber, in his official capacity)

396.    In response to paragraph 396, Defendants repeat and incorporate by reference the responses set forth herein.

397.    In response to paragraph 397, Defendants DFS and Wyoming Boys' School admit that Title II of the Americans with Disabilities Act prohibits disability discrimination in public services, and that the block quotation in paragraph 397 accurately quotes a federal statute, 42

U.S.C. § 12132. These Defendants deny the remaining allegations of paragraph 397. Paragraph 397 otherwise states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendants, they are denied.

398.     In response to paragraph 398, Defendants DFS and Wyoming Boys' School admit that Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(1), defines "public entity" to include "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State . . . or local government." Paragraph 398 otherwise states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendants, they are denied.

399-400.     Defendants deny the allegations of paragraphs 399-400.

401.     Paragraph 401 states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendants, they are denied.

402.     In response to paragraph 402, Defendants admit that Plaintiffs received the services, programs, activities, and benefits that they were qualified to receive at the Boys' School. Defendants deny the remaining allegations of paragraph 402.

403.     Defendants deny the allegations of paragraph 403.

404.     Defendants deny the allegations of paragraph 404 and subparagraphs (a)–(c) therein.

405-412.     Defendants deny the allegations of paragraphs 405-412.

## SIXTH CLAIM FOR RELIEF
### Section 504 of the Rehabilitation Act—Discrimination
(Against Defendants Wyoming DFS, Wyoming Boys' School, and Weber, in his official capacity)

413.     In response to paragraph 413, Defendants repeat and incorporate by reference the responses set forth herein.

414-415.       Paragraphs 414-415 state legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendants, they are denied.

416-428.       Defendants deny the allegations of paragraphs 416-428.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief as set forth herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Fourth Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Qualified immunity, governmental immunity, and/or sovereign immunity bars Plaintiffs' claims against Defendants.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs proposed modifications, making them would fundamentally alter the nature of the services, programs, or activities.

## FOURTH AFFIRMATIVE DEFENSE

When a Plaintiff posed a direct threat to the health and safety of others, Defendants were not required to permit the Plaintiff to participate in or benefit from the Defendants' services, programs, or activities.

## FIFTH AFFIRMATIVE DEFENSE

Defendants imposed legitimate safety requirements necessary for the safe operation of their services, programs, or activities.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims were not filed within the applicable limitations period, the statute of limitations bars the claim.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred by the doctrines of laches, waiver, unclean hands, or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries are the result of unrelated, pre-existing, or subsequent conditions unrelated to Defendants' alleged conduct, which is denied.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate the alleged damages, the existence of which is denied.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, the existence of which is denied, are the result of the actions of persons or third parties that Defendants did not control or events in which Defendants were not involved.

## ELEVENTH AFFIRMATIVE DEFENSE

An award of punitive damages would violate Defendants' right to due process under the Fourteenth Amendment; violate Defendants' right of protection against excessive fines as provided in the Eighth Amendment; and fails to state a cause of action supporting punitive damages relief.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants plead all other applicable immunities to which they are entitled by law as a complete bar to all applicable claims in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs Karn and D.H. would be subject to the limitations specified in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d), including that they are not entitled to damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury"; and an attorney-fee award is subject to limitations under 42 U.S.C. § 1997e(d)(1)-(3).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs Karn and D.H. failed to exhaust administrative remedies and meet other necessary requirements of the Prison Litigation Reform Act.

WHEREFORE, Defendants pray that the court dismiss this matter with prejudice, Plaintiffs taking nothing hereby, award the Defendants the costs incurred herein, and grant the Defendants such other and further relief as the court deems proper.

DATED this 12th day of December, 2024.

/s/ Debra Hulett
Debra Hulett, Bar No. 8-6904
Senior Assistant Attorney General
Katherine Diane Kleve, Bar No. 8-7278
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
307-777-7580
307-777-8920 Facsimile
debra.hulett@wyo.gov
katherine.kleve@wyo.gov

J. Mark Stewart, Bar No. 6-4121
Catherine M. Young, Bar No. 7-6089
Cole L. Gustafson, Bar No. 7-6070
DAVIS & CANNON, LLP
422 W. 26th Street
Cheyenne, Wyoming 82001
(307) 634-3210
(307) 778-7118 Facsimile
mark@davisandcannon.com
catherine@davisandcannon.com
cole@davisandcannon.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I do hereby certify that on this 12th day of December, 2024, a true and correct copy of the foregoing **Defendants' Answer to Fourth Amended Complaint and Jury Demand** was served as indicated below:

Qusair Mohamedbhai                          [✔] CM/ECF
Ciara M. Anderson
Matthew J. Cron
Katie Wiese Valiant
Rathod Mohamedbhai LLC
2701 Lawrence St., Suite 100
Denver, CO 80205
qm@rmlawyers.com
ca@rmlawyers.com
mc@rmlawyers.com
kw@rmlawyers.com

Attorneys for Plaintiffs

Allison Mahoney                             [✔] CM/ECF
PO Box 5520
Snowmass Village, CO 81615
allison@almlawllc.com

Attorney for Plaintiffs

/s/ Kathy Lackey
Kathy Lackey, Paralegal
Office of the Wyoming Attorney General