Debra Hulett, W.S.B. #8-6904
Senior Assistant Attorney General
Katherine Diane Kleve, #8-7278
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-7580
(307) 777-8920 Facsimile
debra.hulett@wyo.gov
katherine.kleve@wyo.gov

Scott E. Ortiz, W.S.B. #5-2550
WILLIAMS, PORTER,
DAY & NEVILLE, P.C.
P.O. Box 10700
159 North Wolcott, Suite 400
Casper, Wyoming 82602
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
sortiz@wpdn.net

J. Mark Stewart, W.S.B. #6-4121
Catherine M. Young, #7-6089
Cole L. Gustafson, #7-6070
DAVIS & CANNON, LLP
422 W. 26th Street
Cheyenne, Wyoming 82001
(307) 634-3210
(307) 778-7118 Facsimile
mark@davisandcannon.com
catherine@davisandcannon.com
cole@davisandcannon.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BLAISE CHIVERS-KING, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>WYOMING DEPARTMENT OF FAMILY SERVICES, WYOMING BOYS' SCHOOL, *et al*.,<br><br>Defendants. | Case No. 24-CV-00039-SWS |

**DEFENDANTS' BENCH BRIEF IN SUPPORT OF ADMISSION OF DEFENDANTS' EXHIBITS M-1 THROUGH M-7**

Defendants Weber, Shaffer, and Mike Nelson hereby submit this bench brief in support of their argument in favor of admitting Defendants' Exhibits M-1 through M-7. These exhibits are directly relevant to the causation and damages issues Plaintiff has raised in this case, and the Court should admit them under settled Tenth Circuit and Wyoming law.

## DISCUSSION

Defendants' Exhibits M-1 through M-7 are Plaintiff's medical and mental-health records. Exhibits M-1 through M-6 predate Plaintiff's first placement at the Wyoming Boys' School ("WBS"), while Exhibit M-7 predates Plaintiff's second placement at WBS. ECF No. 354 at 3. These records establish that, prior to Plaintiff's placements at WBS, he suffered from a host of

medical and mental-health issues and illnesses, including, among other things, generalized anxiety disorder, major depressive disorder, impulse-control issues, attention deficit hyperactivity disorder, and oppositional defiant disorder. The records further demonstrate that Plaintiff suffered from a difficult childhood, was the victim of neglect, and his prognosis was "guarded." *E.g.*, Defs.' M-2 at 3; Exs. M-5 at 3.

In this case, Plaintiff seeks compensatory damages for "mental pain and suffering" and alleged "diminishment in [his] ability to enjoy life" because of his alleged mistreatment at WBS. ECF No. 366-2 at 17. Plaintiff, in his proposed jury instructions, states that the jury should consider his "physical and mental condition before and after the injury." *Id.* Nonetheless, objecting to the admission of these records, Plaintiff argues (among other things)[1] that the records are irrelevant.[2] ECF No. 354-1 at 46–48. But settled caselaw, set forth below, establishes that the records are highly probative to the issues of causation and damages:

- ***Dixon v. Lawton*, 898 F.2d 1443 (10th Cir. 1990):** In *Dixon*, police officers shot and killed the plaintiff's son. *Id.* at 1444–46. At trial in a 42 U.S.C. §§ 1983 and 1985(3) case, the court admitted the son's mental-health records, which showed previous drug use by the son and that he had a "propensity to engage in violent behavior to gain attention, including an incident in which he threatened to shoot his wife and himself." *Id.* at 1450 (citation omitted). Because the plaintiff had placed the son's "mental condition at issue by claiming emotional distress and seeking damages for 'mental pain and suffering of the decedent prior to his death,'" the Tenth Circuit concluded that the records—which arose from the son's treatment shortly before the incident—

[1] Insofar as Plaintiff raises hearsay objections, numerous exclusions and exceptions apply, given that they contain statements by the party opponent (F.R.E. 801(d)(2)), present-sense impressions (F.R.E. 803(1)), then-existing mental conditions (F.R.E. 803(3)), statements made for medical diagnosis and treatment (F.R.E. 803(4)), and constitute business records (F.R.E. 803(6)).

[2] Plaintiff did not raise any psychotherapist-patient privilege or other privilege objections, *see* ECF No. 354-1 at 46–48, waiving any such objections.

were "directly related to issues necessarily injected into this lawsuit by the plaintiff." *Id.* at 1450–51 (citation omitted). Thus, admitting the records was not in error. *Id.* at 1451.

- ***York v. AT&T*, 95 F.3d 948 (10th Cir. 1996):** In *York*, the plaintiff sued under Title VII of the Civil Rights Act of 1964, seeking, among other things, "emotional distress allegedly suffered as a result of not obtaining the positions that she sought. She contended that she had become emotionally strained and had lost her self-esteem and enjoyment of life." *Id.* at 957. Challenging causation and damages, the defendants argued "that much, if not all, of York's emotional distress was rooted in her past, stemming from events that occurred well before her unsuccessful bid for the Operating Engineer position in 1992. In particular, they note that her hospitalization in a psychiatric facility in 1988 was necessitated by various sources of stress in her life." *Id.* The Tenth Circuit concluded that, "[b]ecause York chose to raise a claim of emotional distress, it was entirely appropriate for the court to allow the defendants to introduce evidence of alternate or multiple causes of such distress. The jury must be permitted to consider such relevant evidence of causation where damages are claimed for emotional distress." *Id.* The Tenth Circuit also reasoned that it would be inappropriate to permit a plaintiff to offer "selected evidence" on causation and then prohibit "the defendants to present evidence supporting their theories of causation." *Id.* at 957–58 (citation omitted).

- ***Fox v. Gates Corp.*, 179 F.R.D. 303, 306 (D. Colo. 1998):** *Fox* read *Dixon* to support the conclusion that "plaintiff has waived her psychotherapist-patient privilege with respect to any communications between her and her psychotherapist during the applicable time period as those communications may lead to the discovery of admissible evidence regarding plaintiff's present claim for emotional distress damages." *Id.* at 306. Relevant here, the Court further ruled that "Defendant is also entitled to discovery of plaintiff's other medical records generated during

the applicable time period as the information . . . is relevant to whether the emotional distress which plaintiff claims to have suffered as a result of defendant's conduct can be attributed in whole, or in part, to some other stressor in her life." *Id.*

- ***Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657 (D. Kan. 2004):** Another employment-related case, *Owens* is to similar effect: "information on Plaintiff's medical and health care providers and records relating to her medical care, treatment, and counseling are relevant to the claims she seeks to assert for her 'garden variety' emotional damages under Title VII. The information and documents are further relevant to the preparation of Defendant's defenses against Plaintiff's emotional distress damages claims because her medical records may reveal stressors unrelated to Defendant . . . ." *Id.* at 660.

- ***Vahai v. Gertsch*, 2020 WY 7, 455 P.3d 1218 (Wyo. 2020) and *Wyo. Medical Ctr., Inc. v. Murray*, 2001 WY 63, 27 P.3d 266 (Wyo. 2001)[3]:** In a personal-injury case, the Wyoming Supreme Court ruled that "Ms. Vahai's substance abuse treatment records were relevant to defending against her damage claims for loss of enjoyment of life and loss of earnings." *Vahai*, ¶ 76, 455 P.3d at 1238; *see also Wyo. Medical Ctr., Inc. v. Murray*, 2001 WY 63, ¶ 15, 27 P.3d 266, 270 (Wyo. 2001) (stating, in a case addressing the necessity of expert testimony in cases involving pre-existing injuries, that "the jury was properly allowed to determine any causation issues generated by her pre-existing conditions and was properly allowed to make apportionment decisions . . . ."). In *Vahai*, the Wyoming Supreme Court cited, and relied on, evidence that "alcohol and cocaine abuse could have a significant negative impact on a person's quality of life, financial well-being and relationships with other people." *Id.* ¶ 76, 455 P.3d at 1238. Although the evidence

---

[3] Although this action arises under the Court's federal-question jurisdiction, not diversity jurisdiction, these Wyoming cases are still persuasive.

"was prejudicial," the Wyoming Supreme Court concluded it was "not unfairly so." *Id.* ¶ 78, 455 P.3d at 1238.

These cases establish that Defendants' Exhibits M-1 through M-7 are relevant to the defense to show that Plaintiff's alleged mental-health and emotional damages arise, at least in part, from his pre-existing conditions. The records are temporally proximate to Plaintiff's placements (indeed, Exhibits M-4 through M-6 are from the same year as Plaintiff's first placement, and Exhibit M-7 was from the month before his second placement), and without them, the Defendants' arguments about alternative causation will be hamstrung. The Court should admit these records.

## CONCLUSION

Defendants' Exhibits M-1 through M-7 are relevant to the cause and extent of Plaintiff's claimed psychological injuries. Defendants respectfully request that the Court overrule Plaintiff's objections and admit the records for the jury's consideration.

DATED this 16th day of November, 2026.

*/s/ Cole L. Gustafson*

J. Mark Stewart, Bar No. 6-4121
Catherine M. Young, Bar No. 7-6089
Cole L. Gustafson, Bar No. 7-6070
DAVIS & CANNON, LLP
422 W. 26th Street
Cheyenne, Wyoming 82001
(307) 634-3210
mark@davisandcannon.com
catherine@davisandcannon.com
cole@davisandcannon.com

Debra Hulett, Bar No. 8-6904
Senior Assistant Attorney General
Katherine Diane Kleve, Bar No. 8-7278
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
307-777-7580

debra.hulett@wyo.gov
katherine.kleve@wyo.gov

Scott E. Ortiz, Bar No. 5-2550
WILLIAMS, PORTER,
DAY & NEVILLE, P.C
P.O. Box 10700
159 North Wolcott, Suite 400
Casper, Wyoming 82602
Telephone: (307) 265-0700
sortiz@wpdn.net

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 16th day of November, 2026, a true and correct copy of the foregoing was served as indicated below:

Qusair Mohamedbhai
Ciara M. Anderson
Matthew J. Cron
Katie Wiese Valiant
Ian Ross
Siddhartha Rathod
Rathod Mohamedbhai LLC
2701 Lawrence St., Suite 100
Denver, CO 80205
qm@rmlawyers.com
ca@rmlawyers.com
mc@rmlawyers.com
kw@rmlawyers.com
ir@rmlawyers.com
sr@rmlawyers.com

[ ✔ ] CM-ECF

Allison Mahoney
PO Box 5520
Snowmass Village, CO 81615
allison@almlawllc.com

[ ✔ ] CM-ECF

*/s/ Mindy Bellar*
Mindy Bellar
DAVIS & CANNON, LLP